## ACHILLE GIUSTI *vs.* GEORGE DEL PAPA.

In an action for malicious prosecution the fact that the plaintiff was bound over by a court having jurisdiction for that purpose to await the action of the grand jury, and was indicted by the grand jury, is *prima facie* evidence of probable cause ; and a declaration which contains an allegation of the binding over and indictment without alleging any facts which show that the same were procured by undue means does not state a cause of action.

An averment in general terms of want of probable cause is a mere statement of a conclusion of law, and will not overcome the presumption arising from an allegation of facts which show that there was probable cause.

DEFENDANT'S petition for a new trial. On plaintiff's motion for reargument.

*January* 13, 1896. MATTESON, C. J. In our former rescript we held that the declaration set forth no cause of action because, though it alleges that the defendant maliciously prosecuted the plaintiff and without probable cause, it went on to state that the defendant caused the plaintiff to be arrested and brought before the District Court of the Tenth Judicial District and to be bound over by that court to await

the action of the grand jury, and to be indicted, &c. We were of the opinion that, though the declaration averred that the prosecution was without probable cause, that allegation was overborne by the averment that the plaintiff was bound over by the District Court to await the action of the grand jury and was indicted by the grand jury, there being no allegation that the binding over and indictment were procured by undue means. We stated that the fact that the plaintiff was bound over, and *a fortiori*, indicted, was conclusive evidence of probable cause, referring in support of the statement to *Welch* v. *Boston & Providence Railroad Corp.*, 14 R. I. 609 ; *Crescent City Live Stock Co.* v. *Butchers' Union Slaughter-House Co.*, 120 U. S. 141.

Counsel for the plaintiff has reargued the question. He criticizes our use of the word "conclusive," contending that the binding over and indictment are not conclusive but only *prima facie* evidence of probable cause ; that the only conclusive evidence of probable cause is the judgment of a court having power to convict, which judgment is conclusive of the question, even though subsequently set aside on appeal. He further contends that, as the binding over and indictment are only *prima facie* evidence of probable cause, it is not necessary to do more in the declaration than to allege that the prosecution was malicious and without probable cause.

We think we shall be obliged to concede that the word "conclusive" was not well chosen ; for since the decision in *Burt* v. *Place*, 4 Wend. 591, even a judgment has not been regarded as absolutely conclusive, since the presumption which would otherwise arise from it may be overcome by averment and proof that it was obtained by undue means. Marcy, J., in this case states "that if it appears by the plaintiff's own declaration that the prosecution which he charges to have been malicious was before a tribunal having jurisdiction, and was decided in favor of the plaintiff in that court, nothing appearing to fix on him any unfair means in conducting the suit, the court will regard the judgment in favor of the prosecution satisfactory evidence of probable cause." The judgment relied on by the defendant, though

by a court having jurisdiction to convict, was held not conclusive because, as the opinion goes on to state, "though the plaintiff admits in his declaration, that the suits instituted before the magistrate by the defendant were decided against him, he sufficiently countervails the effect of that admission by alleging that the defendant, well knowing that he had no cause of action, and that the plaintiff had a full defence, prevented the plaintiff from procuring the necessary evidence to make out that defence by causing him to be detained a prisoner until the judgments were obtained ; and by alleging that the imprisonment was for the very purpose of preventing a defence to the actions." And see *Spring* v. *Besore*, 12 B. Mon. 551 ; *Crescent City Live Stock Co.* v *Butchers' Union Slaughter-House Co.*, *supra.*

Doubtless we should have used the term "*prima facie*" in describing the effect to be given to the action of the court in binding over and of the grand jury in indicting the plaintiff, since, strictly speaking, there is no conclusive effect to be given to a judgment, even, which is evidence of a higher nature than a binding over and indictment, but such judgment is only conclusive or, as Judge Marcy terms it, satisfactory evidence when not rebutted by averment and proof that it was unfairly obtained. But we do not see that our decision itself was on that account erroneous. The question is one of pleading, and the allegation of facts which are *prima facie* evidence of probable cause necessarily stands as conclusive until something further is alleged to rebut the presumption arising from that allegation. An allegation that the plaintiff was bound over by a court having jurisdiction for that purpose, and that the plaintiff was indicted by the grand jury, is an allegation of facts which are a sufficient or satisfactory evidence of probable cause, unless some further facts are averred which countervail the effect to be given them, as the judgment of a court from which the appeal would lie. To rebut the presumption of probable cause in either case, as it seems to us, requires the averment of some additional fact or facts showing fraud, perjury or other undue means.

As to the contention of the plaintiff's counsel that the *prima facie* effect of the binding over and indictment is taken away by the averment that the prosecution was without probable cause, it seems only necessary to say that the averment of a want of probable cause by itself is not a statement of fact but only of a conclusion of law : that this conclusion is not only unsupported by any allegations of fact in the declaration, but in the absence of allegations of fact supporting it, is negatived by the allegation of the facts of the binding over and indictment.

The only case cited by plaintiff's counsel in support of his contention, in which the question as to whether it is necessary for the plaintiff to allege undue means in procuring the binding over, in order to rebut the presumption of probable cause arising from it, is considered, is *Ross* v. *Hixon*, 46 Kan. 550. In this case the trial court, after the plaintiff had rested and while the defendant was putting in his testimony, stopped the trial and directed a verdict for the defendant, and subsequently overruled a motion for a new trial. The record in the appellate court disclosed no reason for the ruling of the trial court ; but counsel agreed that the reason assigned by that court for its ruling was that the examining magistrate had made a finding of probable cause, and that such finding was conclusive of the question. It was also claimed by the counsel for the defendant in error that the trial court made a further statement "that as the petition does not charge fraud or undue means in obtaining the finding of probable cause by the magistrate, the same cannot be attacked." The sole question discussed in the oral argument of counsel for defendant in error, and in the briefs of both counsel in the appellate court, was whether the finding of the magistrate was conclusive or only *prima facie* evidence of probable cause. The court reached the conclusion that it was to be regarded as *prima facie* evidence only. It recognized the rule as to the conclusive effect of a judgment unless overcome by a showing that it was procured by fraud, undue means or the false testimony of the prosecution, and that in such a case the petition in the action for malicious

prosecution must directly attack the judgment of conviction or that it would be suicidal, but proceeds to say, "It follows that the other suggestion of counsel, that the finding of the magistrate must be directly attacked in the petition for fraud or undue means, is without force because, as that finding is only *prima facie*, all that is necessary for the plaintiff to do to win is to overthrow it by a preponderance of evidence." With all due deference, we feel constrained, for the reasons that we have given, to dissent from this conclusion. We do not think that it follows that, because the binding over is only *prima facie* evidence of probable cause, it is not necessary to attack it in the petition for fraud or undue means, or in other words, to aver such fraud or undue means to negative its effect. The pleader must state a cause of action, and he fails to do so unless he overthrows the *prima facie* effect of probable cause arising from the binding over.

Plaintiff's counsel also refers to 2 Chit. Pl. (7th Eng. ed., corrected and enlarged by Henry Greening ; 16th Am. ed., with notes and references to Eng. and Am. decisions by J. C. Perkins), 555 ; Oliv. Prec. (5th ed. revised and enlarged by Boardman Hall), 523 ; and to the declaration in *Bacon* v. *Towne*, 4 Cush. 217. In the precedents given in Chitty and Oliver, the cases from which they were drawn are not given. In a note in Chitty, reference is made to *Dubois* v. *Keats*, 11 Ad. & El. 329. But it does not appear in that case, nor in *Bacon* v. *Towne*, 4 Cush. 217, that the question we have considered was suggested, and therefore we do not think that these authorities, however worthy of respect, are controlling.

*Willard B. Tanner*, for plaintiff.

*Joseph Osfield, Jr., & James E. Banigan*, for defendant.

