STAINER v. SAN LUIS VALLEY LAND & MINING CO.

(Circuit Court of Appeals, Eighth Circuit. December 14, 1908.)

No. 2,765.

1. MALICIOUS PROSECUTION (§ 49*) — ACTIONS — PLEADING — ALLEGATION OF WANT OF PROBABLE CAUSE.

A complaint which by· clear averment charges that defendant maliciously, and without any reasonable or probable cause whatever, caused plaintiff to be prosecuted, states a good cause of action, notwithstanding the fact that it contains a recital or averment that in the course of the prosecution plaintiff was bound over by an examining magistrate.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 49.*]

2. MALICIOUS PROSECUTION (§ 49*) — ACTIONS — PLEADING — ALLEGATION OF WANT OF PROBABLE CAUSE.

The fact that a magistrate bound over a person charged with a criminal offense is only prima facie evidence of probable cause, and a com-

---

plaint in an action for malicious prosecution need not allege that such action was the result of fraud, perjury, or other unfair means in order to negative its effect and state a cause of action.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 49.*]

**3.** MALICIOUS PROSECUTION (§ 49*) — ACTIONS — PLEADING — ALLEGATION OF WANT OF PROBABLE CAUSE.

Under Mills' Ann. St. Rev. Supp. Colo. § 1432, which authorizes prosecutions for criminal offenses to be institututed by information filed by the district attorney as well as by indictment, but provides that unless the accused has had a preliminary examination some credible person must make and file an affidavit showing that the offense was committed, the filing of such an information is prima facie evidence that there was probable cause for the prosecution, the same as an indictment by a grand jury; but a complaint in an action for malicious prosecution which shows the filing of such an information need not aver that it was procured by fraud or other unfair means in order to state a cause of action.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 49.*]

**4.** MALICIOUS PROSECUTION (§ 47*) — ACTIONS — PLEADING — INSTIGATION OF PROSECUTION—"CAUSING" PROSECUTION.

In an action for malicious prosecution, an allegation in the complaint that defendant "caused" the affidavits charging the offense to be filed, and plaintiff to be arrested and prosecuted therefor, is a sufficient charge that defendant initiated the prosecution and is responsible therefor.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 91; Dec. Dig. § 47.*

For other definitions, see Words and Phrases, vol. 2, pp. 1009–1012; vol. 8, pp. 7597–7598.]

**5.** MALICIOUS PROSECUTION (§ 3*) — GROUNDS OF LIABILITY — INSTIGATING PROSECUTION.

One who by affidavit or otherwise induced a district attorney to file an information charging a person with crime is liable for malicious prosecution if the action was malicious and without reasonable or probable cause.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 3; Dec. Dig. § 3.*]

Philips, District Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Colorado.

Jesse R. Allphin (Benjamin C. Hilliard and B. A. Roloson, on the brief), for plaintiff in error.

Ernest Knaebel (J. F. Vaile, Henry McAllister, Jr., and William N. Vaile, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and PHILIPS, District Judge.

ADAMS, Circuit Judge. This writ of error seeks a review of a judgment of the Circuit Court directing a verdict for the defendant on an inspection of the pleadings by the court. The verdict was directed and judgment entered because in the opinion of the court the complaint failed to state a cause of action. The action was for malicious prosecution. The complaint alleged in substance and effect that defendant, the San Luis Valley Land & Mining Company, mali-

ciously and without any reasonable or probable cause procured the issuance of a warrant by a justice of the peace and caused plaintiff to be arrested thereon on the double charge of stealing certain flasks of quicksilver and purchasing the same knowing them to have been stolen; that an examination followed by the magistrate, resulting in binding plaintiff over to appear before the district court of Saguache county, Colo., to answer the charge of buying the quicksilver knowing it to have been stolen, and discharging him on the accusation of stealing; that plaintiff appeared before the district court pursuant to the condition of his bond, when the defendant caused two informations to be filed against him charging him with having committed the two specified offenses; that the district court quashed one of the informations, and put the plaintiff to trial before a jury on the other, namely, purchasing the quicksilver knowing it to have been stolen, and that this trial resulted in his acquittal and discharge; that defendant afterwards caused an information to be filed against plaintiff in the district court charging him and two other persons with having committed the same two offenses, and caused their arrest and trial thereon, which resulted in an acquittal and discharge; that defendant afterwards caused another information to be filed against plaintiff and others charging them with having conspired to commit the unlawful act of stealing the quicksilver in question, and caused plaintiff to be arrested and tried thereon, and that he was acquitted and discharged. Each and all of the acts so charged to have been done by defendant are alleged to have been done maliciously and without any reasonable or probable cause whatever.

Two prominent questions are presented by the assignment of errors. They relate to the force and effect to be given to the judgment of the examining magistrate binding plaintiff over for trial, and to the judgment of the district attorney in filing the informations against plaintiff.

Because it appears in the complaint that plaintiff was bound over by the magistrate to answer the charge made against him, and that the district attorney, who under the statutes of Colorado alone determines whether to file an information against one charged with a crime or not, did conclude to file the several informations against plaintiff after he was acquitted of the charges preferred before the magistrate, defendant's counsel contend that the complaint made a prima facie showing of probable cause for each and all the prosecutions of plaintiff, and that this prima facie showing was not overcome by other averments of the complaint, and as a result that the court committed no error in directing a verdict for the defendant.

It is well settled that the binding over by an examining magistrate constitutes prima facie evidence of probable cause for the prosecution of the accused; but our attention has not been called to any case, neither have we in our investigation found any, except the case of Giusti v. Del Papa, 19 R. I. 338, 33 Atl. 525 (upon which defendant strongly relies), which imputes to the fact of binding over any greater force or effect than that of presumptive or prima facie evidence of probable cause. That case, as first decided, held that the binding over constituted conclusive evidence of probable cause, but on rehearing

the court nominally receded from that view, but held that a declaration that defendant prosecuted plaintiff maliciously and without probable cause stated no cause of action, provided it appeared in the declaration without any showing of inducing fraud, perjury, or other unfair means that the plaintiff was bound over and afterwards indicted by the grand jury. It is there said:

"The question is one of pleading, and the allegation of facts which are prima facie evidence of probable cause necessarily stands as conclusive until something further is alleged to rebut the presumption arising from that allegation."

This may be true. But is not the allegation that the defendant prosecuted plaintiff "maliciously and without any reasonable or probable cause whatever" such an allegation? It is said in the Giusti Case that "the averment of want of probable cause by itself is not a statement of fact, but only a conclusion of law." With due deference to the distinguished court which rendered that decision, we find ourselves unable to agree with this statement. It seems to us that an allegation of want of probable cause is an allegation of an ultimate fact, a condensed expression which by practice and established usage is made to signify that defendant did not have a reasonable ground to believe that plaintiff was guilty, based upon facts and circumstances sufficiently strong in themselves to induce such a belief in the mind of an ordinarily prudent person. The Supreme Court of the United States in Stewart v. Sonneborn, 98 U. S. 187, 194, 25 L. Ed. 116, said:

"The question of probable cause is a mixed question of law and of fact. Whether the circumstances alleged to show it probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law. * * * It is, therefore, generally the duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not."

To the same effect is the case of Mercantile Co. v. Kyes, 9 Colo. App. 190, 48 Pac. 663; Firer v. Lowery, 59 Mo. App. 92.

Whether an accused person be bound over or discharged by an examining magistrate is evidence only tending to prove or disprove the ultimate issuable fact—the existence or nonexistence of probable cause for the prosecution. It is made by law prima facie evidence of such probable cause, but that is only a presumption which is disputable. In other words, a "binding over" is a fact which the jury may consider together with all other pertinent facts disclosed in evidence in determining the issue of probable cause, and in the absence of any other countervailing evidence it is sufficient to establish it; but, like other rebuttable presumptions, it yields to the force and effect of the actual facts when proved. Wabash R. Co. v. De Tar, 73 C. C. A. 166, 141 Fed. 932, 4 L. R. A. (N. S.) 352; Rich v. Chicago, M. & St. P. R. Co., 78 C. C. A. 663, 149 Fed. 79.

Accordingly, we conclude that a complaint which by clear averment charges that defendant maliciously and without any probable cause whatever caused plaintiff to be prosecuted states a good cause of action, notwithstanding the fact that a recital or averment is found

in the complaint that in the course of the prosecution plaintiff was bound over by an examining magistrate.

It is also contended that, when a complaint discloses a binding over by a magistrate, that action must be attacked for fraud, perjury, or other unfair means in securing it in order to negative its effect and state a cause of action, and our attention is called to the following authorities in support of the contention: Giusti v. Del Papa, supra; Burt v. Place, 4 Wend. (N. Y.) 591; Spring & Stepp v. Besore, etc., 12 B. Mon. (Ky.) 551, 555; Crescent Live Stock Co. v. Butchers' Union, 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614; Phillips v. Village of Kalamazoo, 53 Mich. 33, 18 N. W. 547; Boogher v. Hough, 99 Mo. 183, 12 S. W. 524; Olson v. Neal, 63 Iowa, 214, 18 N. W. 863. An examination of these and other cases cited by defendant discloses that all of them except the Giusti Case deal with the judgment of conviction by a court possessed of jurisdiction to hear and determine the guilt or innocence of the accused and to inflict punishment if guilt be found. In these and many other cases it is held that the conviction of a person charged with an offense by a court competent to convict and punish, or a decree in a civil action against a defendant, whether the conviction or decree is set aside on appeal or not is conclusive evidence of probable cause in an action for malicious prosecution unless the judgment of conviction or the decree is successfully challenged for fraud, perjury, or some other unfair means resorted to in securing it. With that doctrine we make no dispute. Under familiar principles a final judgment can be attacked only for fraud or kindred reasons. But we are unwilling to accord to a binding-over order made by an examining magistrate that degree of conclusiveness. His function is exhausted, not when he pronounces a final judgment of guilt or innocence of the accused, as in case of a trial on that issue, but when he pronounces the evidential fact that there is or is not probable cause to believe him guilty.

The cases giving peculiar force and effect to a judgment of final conviction do not, in our opinion, constitute authority for giving like effect to the order of an examining magistrate binding over an accused person for a trial which may or may not result in conviction. In the case of Ross v. Hixon, 46 Kan. 550, 26 Pac. 955, 12 L. R. A. 760, 26 Am. St. Rep. 123, the Supreme Court of Kansas reached the same conclusion we have reached. That was a case involving the identical question we are now considering. It arose on the introduction of testimony, and not as a matter of pleading; but we perceive no difference in the applicatory rule arising from that fact. As in this case, so in that, the trial court of its own motion, after plaintiff had introduced his evidence, including the proceedings before the justice of the peace resulting in the binding-over order, directed a verdict for the defendant. The Supreme Court of Kansas, on a writ of error taken from that judgment, said:

"The sole question discussed * * * is as to the weight to be given to the finding of the examining magistrate as to whether it is prima facie or conclusive upon the question of probable cause, and whether or not in either case the finding must be attacked for fraud or undue means by proper allegations in the petition."

After considering many cases cited, including many of those relied on by defendant in this case, the court said:

"We have been unable to find a reported case in which the rule is held as claimed by counsel for defendant in error."

Our conclusion is that there was no necessity for attacking in the complaint the binding-over order for fraud, or any other improper practices in securing it, and that the Circuit Court erred in directing a verdict so far as the prosecution instigated before the justice of the peace was concerned.

Defendant next contends that the fact that the district attorney concluded to file and did file the several successive informations in the district court is fatal to complainant's cause of action based on prosecutions in that court. This raises the question whether the action of the district attorney in filing informations under the statutes of Colorado constitutes prima facie evidence of probable cause, like the binding over by an examining magistrate.

The statutes of Colorado permit accusations of offenses to be made by information as well as by indictment, and provide that all informations shall be filed in the court having jurisdiction of the offense by the district attorney as informant; that he or his deputy shall sign the same; and that in all cases where the accused has not had a preliminary examination some credible person who has knowledge of the commission of the offense must make and file an affidavit showing that the offense was committed before the information is filed. Mills' Ann. St. Rev. Supp. Colo. § 1432 (a, b). Discretion is confided in the district attorney to determine whether in any given case an information ought or ought not to be filed. Section 1432 (g, h). He is the official possessed of the power and charged with the duty to accuse of crime by information in like manner as the grand jury is in cases by indictment. One in his proper sphere is quite the same accusing body as the other in its proper sphere.

Although an affidavit showing the commission of an offense by some one having knowledge of the fact is a condition to the exercise of the power to file an information and although such affidavit may be the initiating or moving cause, the ultimate responsibility of deciding whether to file it or not rests with the district attorney. He is not bound to file it merely because some one has made an affidavit. He cannot act arbitrarily, but should act only with a wise and judicial discretion. He should be the protector of the innocent against unwarranted, as well as the fearless prosecutor in cases of warranted accusations.

The Supreme Court of Missouri in the case of State v. Ransberger, 106 Mo. 135, 17 S. W. 290, had under consideration the obligations and duties of a district attorney under a statute which required him, whenever he had knowledge of the commission of an offense or should be informed thereof by a verified complaint of another, to file an information, took occasion to make the following sage observations:

"It is true the statute provides that, when the prosecuting attorney is informed of the commission of an offense by the affidavit of another, it shall be his duty to file an information. But this language ought not to be so

construed as to give the prosecuting attorney no discretion in the premises; such construction would nullify the constitutional provision requiring criminal charges to be preferred by grand juries or sworn officers who stand indifferent between accused parties and the state, and would subject the citizen to harassment by a criminal prosecution having no higher basis than the malice of his enemy. * * * The knowledge [of the commission of the offense] the statute requires of him may be acquired in various ways; he may have personal knowledge of some of the facts, and information from others as to other facts, or information from others as to all the facts."

Much more, in our opinion, are these observations warranted in cases like the present, where there is no express statute on the subject.

The finding of an indictment by a grand jury as a result of its investigation is generally held to be prima facie evidence of probable cause for the prosecution of the person indicted, and we find much reason for holding that the filing of an information by a district attorney of Colorado as a result of his investigation should have the same probative force. In that state, where power is conferred upon the General Assembly by the Constitution (article 2, § 23, Bill of Rights) to "change, regulate or abolish the grand jury system," and where legislation to that effect has been enacted (section 1432a, Mills' Ann. St.; In re Dolph, 17 Colo. 35, 28 Pac. 470; Nesbit v. People, 19 Colo. 441, 36 Pac. 221), the Legislature has undertaken to assimilate the proceeding by information to that by indictment. Section 1432e, Mills' Ann. St. Rev. Supp., provides that:

"All provisions of law applying to prosecutions upon indictments, to writs and process therein, and the issuing and service thereof, to motions, pleadings, trials and punishments, or the passing or execution of any sentence, and to all other proceedings in cases of indictment, whether in court of original or appellate jurisdiction, shall to the same extent and in the same manner as near as may be, apply to informations and to all prosecutions and proceedings thereon."

A district attorney in Colorado is by law a dignified and important officer of the state, ordained and provided for by the Constitution (article 6, § 21), and notwithstanding the fact that he may not subpœna witnesses to testify before him as an examining magistrate or grand jury may do in the performance of like functions, he nevertheless has the means of inquiry deemed by the state sufficient to enable him to wisely and prudently determine whether there is reasonable ground to believe a person guilty of an offense.

Conceding to his action in filing an information prima facie effect as evidence of probable cause is in pari materia with the general policy of the state of Colorado declared by the statute just quoted in relation to informations; they are closely assimilated to indictments in the matter of procedure, practice, and otherwise, and it seems reasonable to assimilate them in their evidential significance.

We therefore conclude that the fact that the district attorney, in the exercise of judgment and discretion confided in him by law, filed informations charging plaintiff with the offenses in question, constituted prima facie evidence of the existence of probable cause for the prosecutions which followed.

For the reasons already given in determining the effect of such prima facie evidence resulting from the binding-over order of an ex-

amining magistrate, the complaint stated a good cause of action, notwithstanding the failure to aver that the informations were secured by fraud or other unfair means. The general allegation of the complaint that defendant caused the informations to be filed and the plaintiff to be arrested thereon without any reasonable or probable cause therefore stated an ultimate fact, and thereby tendered an issue to be determined by all the proof taken together, including the presumption arising from the filing of the informations.

It is contended that defendant is charged with only having "caused" the affidavits to be filed and plaintiff to be arrested and prosecuted, and that such allegation is not a sufficient charge that defendant initiated the prosecution and is responsible for its consequences. We think this criticism is without merit. The verb "to cause" is very comprehensive, and an allegation that a person caused one to be arrested and prosecuted is sufficient, if proved, to hold such person to responsibility therefor.

Again, it is contended that the action of the district attorney in filing the informations was the commencement of the proceeding, and that responsibility therefor rests with him alone and not with defendant, even if the defendant by affidavit or otherwise moved him to take official action or caused him to proceed with the prosecution. In our opinion this contention, too, is untenable. The district attorney under the laws of Colorado is a functionary appropriately and lawfully moved to action by others. State v. Ransberger, supra. If the defendant by affidavits or otherwise moved him to file the informations and proceed with the prosecution, its action was the causa causans of the prosecution (Carp v. Queen Ins. Co., 203 Mo. 295, 101 S. W. 78, recently decided); and if the defendant did so maliciously, and without reasonable or probable cause, it is liable for the damages resulting therefrom. The judgment is reversed, and the cause remanded to the Circuit Court with directions to grant a new trial.

PHILIPS, District Judge (dissenting). Although the trial judge was in error in assuming that the action of the justice of the peace in binding the plaintiff in error over to the district court, and the subsequent action of the prosecuting attorney in presenting the informations against him, conclusively negatived the want of probable cause, yet, if for any reason his action was sufficient in law, the judgment should not be disturbed.

The judgment of the justice's court, it is conceded, as matter of law, prima facie negatived the existence of malice and want of probable cause. That was re-enforced by a like prima facie presumption arising on the official action of the state's prosecuting attorney, taken presumptively after due inquiry made. These special facts appearing on the face of the petition, without more, negatived the existence of malice and want of probable cause, as matter of law. It is a well-established rule of pleading that a general averment is limited and controlled "by specific allegations regarding the same subject-matter." Boatmen's Bank v. Fritzlen, 135 Fed., loc. cit. 659, and citations, 68 C. C. A. 288; Gustafson v. Chicago, R. I. & P. Ry. Co. (C. C.) 128

Fed., loc. cit. 88, and citations. The allegations of the petition respecting said prosecution and informations are summed up as follows:

"That the said defendant in making all of said charges hereinbefore alleged and set forth, and causing the filing of said complaints before said justice of the peace, and said informations before the district court as aforesaid, and in prosecuting the plaintiff thereon as alleged herein, acted maliciously and without any reasonable or probable cause whatever."

It is true that in the ninth paragraph, in the ad damnum clause, occurs the language, "and that defendant, well knowing that there was no just, reasonable, or probable cause for the prosecution of plaintiff, initiated and carried on said prosecution." The words "well knowing" were employed alone by way of recitation, and not as an independent, affirmative allegation of a substantive fact. This, by all the authorities, is no allegation of a requisite fact. It is so expressly held, under the Colorado Code, by the Supreme Court of that state in Leadville Water Company v. Leadville, 22 Colo. 297, 45 Pac. 362. It is an ineffective assumption of falsity, nowhere directly alleged. Stringer v. Davis, 30 Cal. 318–321.

The majority opinion accepts the discussion of Simpson, C., in Ross v. Hixon, 46 Kan. 550, 26 Pac. 955, 12 L. R. A. 760, 26 Am. St. Rep. 123, as a correct exposition of the law of the case. It does not appear what was the state of the pleadings in that case. The question of the effect of the action of the justice of the peace in binding over the party seems to have arisen only on the trial, and the question discussed by the commissioner was merely as to the evidential effect of that action. The trial court, as here, took the view that it was conclusive rather than merely prima facie; and the strength of the opinion is directed against that proposition of law. After a brief review of the authorities, it was held that the finding of the justice of the peace was not conclusive, but only prima facie evidence, of the existence of probable cause. While asserting that, if the justice had been invested with judicial power to render a final punitive judgment and had done so, it would then have been incumbent on the plaintiff to attack it "for fraud or undue means" in the prosecution, yet, as the judgment of the justice of the peace was only prima facie, "all that is necessary for the plaintiff to do to win is to overthrow it by a preponderance of the evidence."

I submit that that decision does not touch the question here involved, as to the effect of the pleading, and, if it did, the logic and law of it are bad. The opinion in Giusti v. Del Papa, 19 R. I. 338, 33 Atl. 525, is directly in point, as the question of law arose on the pleading. There, as here, the petition, after alleging that the defendant maliciously and without probable cause prosecuted criminally the defendant, disclosed the fact that the district court, having the committing jurisdiction, bound the defendant over, after arrest and hearing, to await the action of the grand jury for indictment; before which court the state's attorney declined further to prosecute the case. It was first held that the action of the district court in so binding over the plaintiff was conclusive, but on rehearing the better approved rule was asserted that it constituted only prima facie evidence of the existence of probable cause. The oinion, both on authority and reason, after especially re-

jecting the authority of the said Kansas case, stoutly maintains that, where the petition discloses on its face the prima facie existence of probable cause, it must make the averment of some additional fact or facts to rebut the presumption; and this is not done by the mere allegation that the prosecution was malicious and without probable cause for the sensible reason that "the pleader must state a cause of action, and he fails to do so unless he overthrows the prima facie effect of probable cause arising from the binding over."

It does not meet the situation, in my judgment, to say that the pleader is not required to plead his evidence but only the ultimate facts, and, therefore, as the ultimate fact to be tried is whether or not the prosecution was without probable cause, it is sufficient to so aver. The question here involved is, if, after having alleged that the prosecution was malicious and without probable cause, the pleader then discloses in the petition the judicial action of the justice of the peace and the presentation of informations by the state's prosecutor in his official capacity, prima facie negativing the first averment, without further allegation of some special fact overcoming that negation, has he stated a cause of action? Demonstrably, it seems to me, he has not.

Had the petition alleged that the defendant maliciously and without probable cause had the plaintiff arrested and prosecuted, of which he was acquitted, it would have stated a good cause of action. If in answer the defendant pleaded, inter alia, that on due hearing before a committing magistrate he had adjudged that there was probable cause for the charge and thereupon bound the accused over to the district court, beyond question he would have interposed new matter in avoidance. So much so that, if it were not denied in the replication, the defendant would be entitled to judgment on the pleadings. Or, if the reply should admit such allegation of new matter and then simply allege that the prosecution was malicious and without probable cause, what sort of logic or reason would it be to say that the new matter effective for avoidance, pleaded in the answer to the allegation of malice and want of probable cause in the petition, is sufficiently met by a reply merely reaffirming malice and want of probable cause? It is recognized bad logic to reason in a circle, and it must be bad pleading in rebuttal in a law action that but reaffirms the original allegation of the petition.

In principle, the situation of the pleading is little different from that in Hayes-Young Tie Plate Company v. St. Louis Transit Company, 137 Fed. 80, 70 C. C. A. 1, in which it was held, in effect, that, where facts are set out in a pleading from which the law draws a certain presumption, it is essential that this presumption should be overcome by further averments of specific facts and circumstances which, if true, would overcome such presumption. And the bald statement of a general proposition at variance with the presumption is not availing. In the case supra, the question presented by the bill of complaint was whether upon its face an application for a patent for an invention had been abandoned by unavoidable delay. The bill having disclosed on its face that the Commissioner of Patents had so ruled, the court, speaking to the general averments of the bill, said:

"These allegations disclose no facts from which the court can determine when, how long, or in what way the delay was unavoidable. Averments of specific facts or circumstances from which the court may see that, if they are true, the fact was probably otherwise than the finding, are essential in a pleading for the purpose of overcoming the legal presumption that the determination of a question of fact by an executive officer * * * is correct. Allegations that the fact differs from the finding, or that the decision is wrong, without more, are futile."

Then, adverting to the contention that the bill shows there was no abandonment of the first application, because of the general averment that the second application was filed as a substitute for or continuation of the original application, the court said:

"But the answer is that this is a general averment of a conclusion, which is inconsistent with and is overcome by the specific allegations in the pleading that the first application became abandoned, that the commissioner adjudged that the delay in prosecuting it was not unavoidable and that the application could not be revived, and that the bill disclosed no facts to overcome the presumption of the correctness of this conclusion. A general allegation in a pleading is controlled and limited by specific averments on the same subject."

As, on the face of the petition in question, prima facie the existence of malice and want of probable cause was negatived, it was essential, to constitute a cause of action, that some additional specific fact should have been averred to overcome it, such as that the affidavit of McGeorge, on which the prosecution was instituted, was false and known by him to be false, or that he procured witnesses to testify falsely, or that he had reason to believe they were false, or some equivalent fact whereby the action of the justice of the peace and the prosecuting attorney were influenced. Otherwise, how is the defendant, on trial of the action for damages, to secure the benefit of the judicial action of the committing magistrate and that of the prosecuting attorney? It is manifest from the detailed reiteration of the proceedings in the petition, from the filing of the first affidavit to the last information presented by the prosecuting attorney, that they are designed in and of themselves to aggravate the damages. Under the simple statement in the Kansas case that it is a mere question of the preponderance of evidence, is it intended to say that when all this evidence and the pleadings are submitted to the jury they are to be told merely that it devolves upon the plaintiff to establish his case by a mere preponderance of the evidence?

Unless told by the court that, unless they find from the evidence that the action of the justice of the peace and that of the prosecuting attorney was brought about by false affidavits and testimony, and known by McGeorge to be false, or which he had no reason then to believe to be true, or the like, the jury would be authorized to return a verdict for the plaintiff on a mere preponderance of the evidence as to whether or not there was, in the first instance, probable cause for the prosecution. This situation emphasizes the necessity, after the petition has disclosed on its face the action of the justice of the peace and the prosecuting attorney, of alleging some additional specific fact or facts to rebut the prima facie effect of those actions. What is necessary to be proven must be alleged in the pleading.

The rule of strictissimi juris ought to be applied both to the pleadings and the proofs in this action, for the reason that:

"Actions for malicious prosecution are regarded by law with jealousy: Lord Holt said more than 200 years ago that they 'ought not to be favored, but managed with great caution.' Their tendency is to discourage prosecution for crime, as they expose the prosecutors to civil suits, and the love of justice may not always be strong enough to induce individuals to commence prosecutions, when, if they fail, they may be subjected to the expense of litigation, if they be not mulcted in damages." Newell on Mal. Pros. §§ 13–15.

Chief Justice Shaw, in Cloon v. Gerry, 13 Gray (Mass.) 201, said:

"This kind of suit, by which the complainant in a criminal prosecution is made liable to an action for damages, at the suit of the person complained of, is not to be favored; it has a tendency to deter men who know of breaches of the law from prosecuting offenders, thereby endangering the order and peace of the community."

The judgment of the Circuit Court, in my opinion, should be affirmed.