Mr. J. E. Losavio, Jr. District Attorney Tenth Judicial District Pueblo County Judicial Building 320 West Tenth Street Pueblo, Colorado 81003
Mr. James V. Phelps County Attorney Pueblo County Courthouse Pueblo, Colorado 81003
Gentlemen:
This is in reply to Mr. Phelps' letter of January 23, 1976 and Mr. Losavio's letter of February 18, 1976, wherein the office of the attorney general was requested to render an opinion as to the applicability of C.R.S. 1973, 30-10-102 to the office of the district attorney, Tenth Judicial District.
QUESTION PRESENTED AND CONCLUSION
Is a district attorney required to turn over county monies in his possession to the county treasurer within 30 days?
 My conclusion is "yes," unless a specific statute requires other disposition, although the county may authorize a petty cash fund within the office of the district attorney.
ANALYSIS
I would note at the outset that ordinarily this office does not answer questions from local officials unless requested to do so by the Department of Local Affairs. I have made an exception in this instance because the opinion was requested from both the county attorney and district attorney.
It is my understanding that the inquiry arose as a result of a memorandum sent by the County Treasurer to all of the county officers mentioned in C.R.S. 1973, 30-10-102(1), as well as the district attorney. This memorandum not only invited all addressees' attention to the requirements of the statute, but also directed that every addressee file a negative report, if applicable.
C.R.S. 1973, 30-10-102 reads as follows:
 All money delivered to treasurer — penalty for failure. (1) Except as provided in subsection (2) of this section, every county clerk and recorder, clerk of the district court, clerk of the county court, district attorney, sheriff, or other state or county officer appointed by law, required or permitted to receive and pay over to the county treasurer any taxes, fines, fees, or other moneys whatsoever, within thirty days after the receipt of such moneys, shall pay the same over to the county treasurer, and together therewith such officer so paying over the same shall deliver to the county treasurer a statement of the amount of such moneys so collected by him and paid over, which statement shall be signed by the person paying the same, sworn to before the county treasurer, and then filed and preserved in the office of such treasurer. Every person falsely swearing in any such statement is guilty of perjury in the second degree. The county treasurer shall not demand or receive any fee for administering the oath required by this section.
 (2) Fines and fees levied and collected in state courts for which no specific disposition is provided shall be paid to the department of the treasury for deposit in the general fund.
After dissemination of the memorandum to the county officials and the district attorney, the county manager, apparently on behalf of the Board of County Commissioners, inquired of the county treasurer, whether all required persons were complying with C.R.S. 1973, 30-10-102. The treasurer advised Mr. Jack Craddock, county manager, that the office of the district attorney was not filing monthly reports. Subsequently, both the district attorney and county attorney provided opinions relating to their interpretation of C.R.S. 1973, 30-10-102. Mr. Phelps, county attorney, construes the statute to the effect that the district attorney must pay over to the county treasurer within thirty days after receipt all monies belonging to the county which are received in the office of the district attorney. Mr. Losavio, district attorney, asserts, as set forth in a legal memorandum forwarded for my consideration, that C.R.S. 1973, 30-10-102 is applicable only if some other statute or constitutional provision requires the county or state officer to collect and pay over the collected monies to the county treasurer.
While the assertion by Mr. Losavio has, in my opinion, some merit, I construe the questioned statute to require that the officials named therein shall expeditiously pay over to the county treasurer all monies received unless by statute the monies received are required by law to be deposited elsewhere. Specific statutes such as C.R.S. 1973, 20-1-103, which provides that forfeited recognizance monies shall be turned into the registry of the court, and C.R.S. 1973, 30-10-102(2) providing for disposition of fines and fees collected in state courts, are examples of statutes that must be followed.
Significantly, it is the duty of the treasurer to receive all monies belonging to the county and monies directed by law to be paid to him (C.R.S. 1973, 30-10-707) similar to the responsibilities of the state treasurer in receiving monies belonging to the state (C.R.S. 1973, 24-36-101 and C.R.S. 1973,24-36-104). The basic scheme of the statutes pertaining to the state treasurer and county treasurer is that state and county monies will be promptly transmitted to those offices, as applicable, by officials, officers and employees who come into possession of such sums.
A district attorney is an officer of the state. Stainer v.San Luis Valley Land and Mining Co., 166 F. 220 (1908). However, by statute, many of the expenses of the district attorney's office are provided by the county or counties within the judicial district (C.R.S. 1973, 20-1-302 and C.R.S. 1973, 20-1-303). Furthermore, in transmitting monies received in the office of a district attorney, the legislature, in enacting C.R.S. 1973, 30-10-102, charged that officer with the same obligation imposed on county officers of promptly transmitting monies to the county treasurer for deposit.
While a district attorney may come into monies belonging to the court, county or state in the faithful discharge of his duties, I am aware of no statutory authority permitting the retention of such monies in his office. C.R.S. 1973, 30-10-102 provides that the monies will be paid over within thirty days. This is the maximum time permitted. For a county official or a district attorney to hold large sums in excess of thirty days could, under certain circumstances, constitute negligence. Additionally, such action would certainly deprive the state or county of interest that would otherwise be earned by prompt delivery of the monies.
For the foregoing reasons, I conclude that the legislature in enacting C.R.S. 1973, 30-10-102 intended for county officers and district attorneys to promptly deliver monies coming into their possession to the county treasurer, unless a specific statute provides other disposition, and that such delivery be made within thirty days.
The question was also presented as to whether the county treasurer could require a negative report. While a requirement of this type might apprise the county treasurer that the statute requirement had not been inadvertently overlooked, there is no requirement for a negative report.
Inquiry has also been made as to the legality of a petty cash fund within the office of the district attorney. I fail to find any specific state statute authorizing such a fund. However, I do not see any legal objection to the county making available a small amount for daily expenditures of a petty or emergency nature with proper accounting procedures initiated as previously recommended to the Board of County Commissioners by Grimsley, White and Company, certified public accountants.
SUMMARY
A district attorney is required to turn over county monies in his possession to the county treasurer within 30 days unless a specific statute requires other disposition, although the county may authorize a petty cash fund within the office of the district attorney.
I trust that this opinion will assist in resolving this problem in an amicable manner to the satisfaction of all concerned parties.
Very truly yours,
 J.D. MacFARLANE Attorney General
COUNTIES COUNTY OFFICERS AND EMPLOYEES PUBLIC FUNDS PROSECUTORS
C.R.S. 1973, 30-10-102
C.R.S. 1973, 20-1-103
C.R.S. 1973, 20-1-302 and 303
DISTRICT ATTORNEYS DEPT. Pueblo DA
A district attorney is required to turn over county monies in his possession to the county treasurer within 30 days unless a specific statute requires other disposition, although the county may authorize a petty cash fund within the office of the district attorney.