HAMPTON v. JONES ET AL.

1. **Malicious Prosecution**: PROBABLE CAUSE: PLEADING. In an action for malicious prosecution, where the petition alleges that the defendant maliciously, and without probable cause, procured the indictment to be found, it is sufficient; and attaching a copy of the indictment as a part of the petition can have no greater effect than introducing it in evidence, and the plaintiff would not thereby be estopped from proving that there was no probable cause.

2. ———: SPECIAL DAMAGES: TOO REMOTE. A claim for special damages, on the ground that, because of the finding of the indictment, the wife of plaintiff became sick and utterly helpless, is too remote.

3. **Appeal**: WHEN IT LIES: RECORD. An appeal lies as a matter of right from an order of court sustaining a demurrer to the petition, although the record does not show an election to stand on the petition.

*Appeal from Henry District Court.*

SATURDAY, APRIL 22.

ACTION to recover damages caused by a malicious prosecution, instituted by the defendants against the plaintiff. A demurrer to the petition was sustained and the plaintiff appeals.

*Casey & Casey* and *Palmer & Palmer*, for appellant.

*Woolson & Babb*, for appellee.

SEEVERS, CH. J.—The petition at great length, and with un-
necessary particularity, states the grounds upon
which the plaintiff seeks to recover. It is not
deemed essential to set it out in full. It being
sufficient to state it alleges the defendant "maliciously and
without any reasonable or probable cause whatever, indicted,
and caused and procured to be indicted, the plaintiff, by his
proper name, Henry C. Hampton, and therein did allege, ac-
cuse and present in said indictment and caused to be alleged
therein, that the plaintiff  *   *   did willfully, knowingly and
falsely, commit willful and corrupt perjury; that said in-
dictment is hereto attached by copy and made a part hereof,
marked exhibit A; that the said defendants, in pursuance of
their said purpose, appeared and testified before the grand jury
*    *    and thereby caused the presentment of said indict-
ment.    *   *   And the plaintiff avers that he is not guilty
of the crime charged against him in said indictment, and
did not willfully, knowingly and falsely, commit willful and
corrupt perjury, and of which the defendants were informed
and well knew long prior to the time of the presentment
of said indictment." It is stated the indictment was dis-
missed.

The first ground of the demurrer is that the petition fails
to show there is a want of probable cause. In sustaining
the demurrer on this ground the court erred, because it
is clearly and distinctly alleged the defendants maliciously,
and without probable cause, procured the indictment to be
found. Under the most strict and technical rules of plead-
ing this, in our opinion, is sufficient.

The second ground of demurrer is as follows: "The pe-
tition and exhibits show that the plaintiff, in order to enable
certain parties to obtain marriage license, went before the clerk
of the court, to whom application for said license was made,
and falsely swore that said parties were unmarried, and that
he knew of no legal impediment to their entering said mar-
riage contract, and that at said time he knew that the same

*(margin note: 1. MALICIOUS prosecution: probable cause: plead-ing.)*

was false and untrue, and that said parties were not in a condition to enter into said contract; but on the contrary, he knew at said time that one of said parties had a husband living, and from whom she had no legal separation, and that she was not in a condition to enter the said contract, all of which would cause an ordinary prudent man to believe that said plaintiff was guilty of the crime charged, and shows that there was probable cause to believe the plaintiff guilty of the crime charged."

This might be well designated a speaking demurrer. All that it amounts to is that the petition shows on its face there was probable cause for the prosecution. The indictment was the act of the grand jury, it was drafted by the district attorney, and was based on the evidence of the defendants, and this, it is said, shows they had probable cause for the prosecution and, therefore, the plaintiff cannot recover. A mere statement of the proposition shows its absurdity. It is in substance said, as the plaintiff has made the indictment a part of the petition, he is bound and estopped thereby. It was unnecessary to attach a copy to, or make it a part of, the petition. If this had not been done the plaintiff would, however, been required to introduce it in evidence. Suppose he had done so, would he have been estopped from showing the statements therein, tending to show probable cause for the prosecution were false? Clearly not, we think. Attaching the indictment to, and making it a part of, the petition can have no greater effect than introducing it in evidence. The plaintiff does not admit the allegations of the indictment are true; on the contrary, he avers in substance they are false. We think the court erred in sustaining the second ground of demurrer. It must not be implied from what has been said that, on the face of the indictment, probable cause is shown. No such question is before us.

II. The petition states that because of the finding of the indictment the wife of plaintiff became "sick, nervous, insane and utterly helpless," and by reason

2. ——: special damages: too remote.

thereof he seeks to recover certain special damages. To this the defendants demurred on the ground the damages sought to be recovered were too remote. We think this ground of demurrer was correctly sustained. *Georgia v. Kepford*, 45 Iowa, 48.

III. Upon sustaining the demurrer the court gave the plaintiff thirty days to elect to stand on his petition, or amend 3. APPEAL: the same, and if he failed to so amend, it was to when it lies: record. operate as an election to stand on his petition, and the action was to be regarded as dismissed. The plaintiff duly excepted at the time to the rulings of the court and a bill of exceptions was then signed. The appellants have filed a motion to dismiss the appeal on the ground that no appeal lies. The argument being that, as the record fails to show the plaintiff elected to stand on his petition, he is not entitled to an appeal. The statute provides that an appeal lies from an order of the court "when it sustains, or overrules a demurrer." Code, § 3164. When the demurrer was sus·tained the plaintiff had the right to appeal, and did so. It does not appear such right has been in any manner waived. *Stanley v. City of Davernport*, 54 Iowa, 463. The motion must be overruled

REVERSED.