## OLSON v. NEAL.

1. **Malicious Prosecution:** EVIDENCE TO SHOW ANIMUS MATERIAL. In an action for a malicious prosecution, wherein plaintiff was charged with willful trespass in taking timber, the value of the timber alleged to have been taken was material to show the *animus* of plaintiff in taking it, and of the defendant in prosecuting him for so doing.

2. ———: JUDGMENT OF CONVICTION AS EVIDENCE OF PROBABLE CAUSE. In an action for malicious prosecution, a judgment of conviction against the plaintiff is *prima facie* evidence that there was probable cause for the prosecution; but such evidence may be rebutted by proof that the judgment was based upon false testimony, and was without foundation in law.

3. ———: PLEADING: PRACTICE. In an action for malicious prosecution, if it was essential to allege that the prosecution had ended, a failure so to allege should have been taken advantage of by demurrer. The objection could not be raised for the first time on a motion for judgment.

4. **Instruction**: REFUSAL TO GIVE: ERROR WITHOUT PREJUDICE. Where the giving of an instruction asked could not, under the undisputed evidence, have resulted in a different verdict, the refusal to give it, though error, was without prejudice, and is no ground for reversal.

*Appeal from Hamilton District Court.*

WEDNESDAY, APRIL 9.

ACTION to recover for a malicious prosecution. There was a judgment for plaintiff upon a verdict for one dollar. Defendant appeals. The facts of the case involved in the questions decided are fully stated in the opinion.

*Martin & Zelie*, for appellant.

*Kamrar, Pierson & Boeye*, for appellee.

BECK, J.—I. The defendant instituted a prosecution before a justice of the peace, wherein he accused plaintiff of the crime of willful trespass. Upon a trial before the justice, plaintiff was convicted, and fined in the sum of $4, and judgment was rendered against him in favor of defendant for $10—the damage done defendant by the trespass as found by the justice. The act of trespass complained of consisted in the taking by plaintiff of wood and timber purchased by defendant, which was upon land owned by another.

II. The defendant claimed to own the wood taken by plaintiff. A witness on behalf of plaintiff testified that he had sold to defendant, or permitted him to take, "some elm trees." He was asked to state what consideration defendant had paid for the trees, and in reply stated an inconsiderable sum paid by some small service rendered by defendant. This evidence was objected to on the ground that it tended to depreciate the matter in dispute between the parties. We think it should neither have been depreciated nor magnified. The facts of the transaction should be known, and the value of the timber which was the subject of the trespass was a material fact

1. MALICIOUS prosecution: evidence to show animus material.

which would aid in determining the *animus* of plaintiff in taking it, and the motive of defendant in instituting the prosecution.    Men do not usually commit willful trespass, subjecting them to punishment, by taking property of inconsiderable value, nor do they in good faith, for the purpose of vindicating the law, institute prosecutions against others for such offenses where the injury is trifling.

III.    A question asked defendant, while testifying in his own behalf, requiring him to state whether he was· prompted by malice in instituting the prosecution against plaintiff, was objected to on the ground, among others, that it was leading. The objection was rightly sustained for the reason that it was leading in form.    No attempt was made to so correct the language of the question that it would not be subject to the objection.

IV.    Upon the close of plaintiff's evidence, the defendant moved the court to direct the jury to return a verdict for him, on the ground that plaintiff failed to establish facts entitling him to recover.    The ground of this motion is, that plaintiff's evidence fails to show, *First*, that defendant acted maliciously in instituting the prosecution; *Second*, that he had probable cause therefor; and *Third*, that he neither avers nor proves the termination of the prosecution.    The motion was overruled, and the objections are renewed in this court.

In answer to the first objection urged in the motion, it is sufficient to say that there was evidence upon the questions, both of malice and probable cause, ·introduced by plaintiff. It cannot be said that there was an absence of evidence upon either point.

V.    The ground of the second objection seems to be based by defendant's counsel upon the consideration that, as plaintiff was convicted by the justice, the record of that conviction would conclusively establish. probable cause.    This position is· not sound.    The conviction is evidence of probable ·cause, which may be contradicted by proof showing that the judgment was

2. ——: judgment of conviction on evidence of probable cause.

based upon false proof, and was without foundation in law. The judgment of conviction is *prima facie* evidence, and if not contradicted will establish probable cause. There is no conflict of the authorities upon this point. See *Ritchey v. Davis*, 11 Iowa, 124; *Moffatt v. Fisher*, 47 Id., 473; *Bowman v. Brown*, 52 Id., 437; 2 Greenleaf's Ev., § 457. It is sufficient to say that there was evidence submitted by plaintiff, other than the record of conviction, bearing upon the question of probable cause, which the court below rightly permitted to go to the jury, and upon which they could well have found that the *prima facie* case made by the conviction was overcome.

VI. The evidence shows that, on appeal to the district court, plaintiff was upon trial acquitted. This statement sufficiently answers the third objection of the motion. 

3. ———: pleading: practice.

The judgment in the district court was an end of the prosecution. If plaintiff should have alleged this fact, objection to the failure to do so should have been taken by demurrer, and was not properly first urged by the motion for judgment.

VII. It is objected, in the last place, that the court erred in failing to direct the jury that, to authorize a verdict for plaintiff, they should find that the alleged malicious prosecution is at an end. We need not inquire whether such an instruction ought to have been given, but, for the purpose of the case, admit it. But no prejudice resulted to the defendant by withholding it, for the reason that the proof shows without contradiction, that the prosecution had ended. If the instruction had been given, the verdict could not have been different. We are not permitted to reverse a judgment for errors which work no prejudice. We have considered all questions in the case discussed by counsel. The judgment of the district court must be

4. INSTRUCTIONS: refusal to give: error without prejudice.

AFFIRMED.