JOHN RE *v.* STERN & COMPANY, a Delaware corporation.

(*February* 2, 1940.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*George W. Lilly* for plaintiff.

*Harold B. Howard* (of Hering, Morris, James and Hitchens) for defendant.

Superior Court for New Castle County, No. 128, May Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

The question is whether want of probable cause has been sufficiently pleaded. The authorities are multitudinous, and are in conflict. In 18 *R. C. L.* 69, it is stated that it is generally *held* that the facts relied on as constituting probable cause, or the want of it, must be alleged in the pleadings, as a simple averment that the prosecution was without probable cause would be nothing more than the averment of a conclusion of law. See also note to *Simmons v. Gardner*, 46 *Wash.* 282, 89 *P.* 887, *L. R. A.* 1915D, 70. Contrariwise, in 38 *C. J.* 464, it is said that while there is authority to the effect that facts showing want of probable cause must be set out, the weight of authority, in the absence of a regulatory statute, is, to the effect that ordi-

narily a general averment of want of probable cause is sufficient without a statement of facts which prove to tend or prove the averment. So, in *Struby-Estabrook Mercantile Co. v. Kyes,* 9 *Colo. App.* 190, 48 *P.* 663, it was *held* that the averment that the defendant had no probable cause, while a conclusion of law, was also an averment of ultimate fact.

■ But, even if it be conceded that, ordinarily, it is sufficient to aver generally want of probable cause without more, the situaton disclosed by the declaration may well demand greater particularity. Where facts are alleged which, *prima facie,* show reasonable grounds for the institution of the proceeding complained of, the inference of probable cause arising therefrom should be rebutted. 13 *Ency. Pl. & Pr.* 441; 38 *C. J.* 464. This qualification of the less exacting rule is consonant with reason, fairness and the principles of sound pleading.

■■ The declaration avers that the defendant caused a judgment by confession to be entered against the plaintiff, upon which a writ of attachment was issued. It must be assumed that the judgment was entered either by virtue of a warrant of attorney authorizing the confession of the judgment duly executed by the plaintiff, or that the judgment was confessed in open court by the plaintiff in person or by his attorney. As innocency is to be presumed, it was incumbent on the plaintiff, having gone thus far, to aver facts in rebuttal of the presumption of the regularity of the confession of the judgment. He does allege that the judgment was "falsely" entered; but in pleading fraud it is elementary that adjectival or adverbial expressions, however strong, are not, in themselves, sufficient.

■■ If, in fact, the judgment was entered under the ostensible authority of a warrant of attorney, it is not alleged that the authority was forged, wrongfully procured,

or abused. If the judgment was confessed in open court, there is no averment that the plaintiff was induced to confess the judgment by deception or other iniquitous conduct on the part of the defendant. Nor, as in some manner providing a proper averment of want of probable cause, does it appear on what ground the judgment was vacated.

A properly drawn pleading should not only fully apprise the opposite party of the matter intended to be urged against him, but also it should present an issue, which when joined, will disclose alike to the parties and the tribunal to which it is submitted, the precise question for determination. *Mayor and Council of New Castle v. Toman,* 4 *Boyce (27 Del.)* 242, 88 *A.* 65.

Want of probable cause is insufficiently averred. An order will be entered sustaining the demurrer.