# PENTON v. CANNING

(No. 2197; November 18, 1941; 118 Pac. (2d) 1002)

For the appellant, there was a brief and oral argument by *F. B. Sheldon, Jr.* of Riverton and *H. S. Harnsberger* of Lander.

392

For the respondents, there was a brief and oral argument by *William B. Cobb* of Casper.

RINER, Chief Justice.

This cause presents direct appeal proceedings from a judgment of the district court of Fremont County, in a case wherein J. L. Penton was plaintiff and Gertrude C. Boyd Canning was defendant. The plaintiff had judgment in the court below and the defendant asserting error brings the record here for review.

The cause was tried to the court, no jury being sought by either party. The action was one for alleged malicious prosecution of the plaintiff, Penton, and a brief outline of the history of the case so far as material at this time would seem to be as follows:

On November 21, 1935, the defendant, Gertrude C. Boyd Canning, whose name at that time was Gertrude C. Boyd, she having prior to the trial of the instant action remarried after the death of her husband, W. C. Boyd, signed a criminal complaint before George F. Dobler, a Justice of the Peace within and for the County of Fremont, State of Wyoming, charging the plaintiff, J. L. Penton, with the theft of live stock described as one heifer calf of the value of $20.00, stating in said criminal complaint that she was the owner of the animal.

Upon the filing of this complaint the Justice issued a warrant for the arrest of Penton, who was apprehended by the Sheriff of Fremont County aforesaid and placed in jail, where he remained for a few days, when he gave bond and was released. Upon being arraigned before the Justice, he entered a plea of "not guilty" to the charge, and preliminary examination was had. The State was represented by the County and Prosecuting Attorney of Fremont County and defendant Penton by

his own counsel. Both parties introduced evidence before the Justice.

Thereafter the Justice made the following entry in his docket:

"At the conclusion of the testimony and after listening to the arguments of the respective attorneys, the court finds that a crime has been committed and that there is probable cause to believe the defendant guilty of the offense. It is therefore ordered, adjudged and decreed that the defendant, J. L. Penton, be and he is hereby required to be and appear to the District Court of Fremont County, Wyoming on the first day of the next term thereof to answer to the complaint charged."

Subsequently, an action in replevin for the possession of the heifer calf claimed by these parties, as above described, was brought by Mrs. Boyd Canning before another Justice of the Peace in Fremont County, and upon the trial of this action the judgment of the Justice was in favor of John L. Penton and against Mrs. Boyd Canning. From this judgment given in the Justice Court as aforesaid, an appeal was taken to the District Court, and a similar result followed. Thereafter the criminal action charging J. L. Penton with the theft of the calf, as above recited, was on April 13, 1937, on motion of the County and Prosecuting Attorney of Fremont County, dismissed on the ground, as stated in the order of dismissal, that the replevin suit had been terminated favorably to Penton. It also appears that Mr. Ansell, the Sheriff of Fremont County who had conducted investigations of the matter on behalf of and under the direction of the County Attorney aforesaid had theretofore died during "the last few days of October, 1936" and prior to the trial of the replevin action.

May 19, 1937, the plaintiff (John L. Penton) instituted this action for malicious prosecution, which was on May 9, 1938, dismissed for neglect to proceed with the prosecution of said action. Thereafter, on petition

of the plaintiff filed October 11, 1938, by order of the District Court of Fremont County, apparently made October 29, 1938, but not filed or entered on the court's journal until November 14th of that year, the action was reinstated; an amended petition was filed, and after general demurrer thereto had been overruled and general denial for answer filed, proceeded to trial with the resultant judgment in plaintiff's favor for $1,000 and costs, being the judgment now in question.

The defendant and appellant, Mrs. Gertrude C. Boyd Canning, among other points raised to maintain reversible error as against the judgment entered in the case, urges that the amended petition fails to state a cause of action against her. Succinctly the point is made in that connection that where the pleading shows on its face that at the preliminary examination upon the criminal charge filed, the justice found that there was probable cause to believe the defendant guilty of the offense charged and ordered the defendant to appear before the District Court to answer the charge of crime preferred against him, the simple averment of want of probable cause in the malicious prosecution action standing by itself is not sufficient but only a conclusion of law and the pleading in the malicious prosecution action must, where as here the action of the justice is fully described in plaintiff's pleading, contain additional averments showing fraud or other improper means in procuring such a finding by the Justice of the Peace; in other words that the finding of the Justice of the Peace made as aforesaid is prima facie evidence of probable cause, and in order to avoid the consequences of such a showing in plaintiff's pleading he must make the additional averments mentioned above. Material portions of the plaintiff and respondent's amended petition in the district court to be considered in connection with this question are:

"That heretofore and, to-wit: on the 21st day of

November, 1935, defendant did willfully, wrongfully, wantonly, maliciously, in reckless disregard of plaintiff's rights, and without probable cause therefor, cause, commence, instigate and procure a criminal complaint to be made and filed before George F. Dobler, a Justice of the Peace, within and for the County of Fremont, in the State of Wyoming, and defendant thereupon filed and swore to said criminal complaint, therein and thereby charging the plaintiff with having committed a criminal act."

After stating that Mrs. Boyd testified at the prelimininary hearing, the pleading continues:

"On the 12th day of December, 1935, said Justice of the Peace, in utter disregard of the testimony of the parties and witnesses, and wholly without any adequate, sufficient or competent evidence upon which to base any judgment or finding against plaintiff, nevertheless proceeded to and did find that a crime had been committed and that there was probable cause to believe the defendant guilty of the offense. That thereupon said Justice ordered that plaintiff be bound over to the District Court of Fremont County, Wyoming, and that he be held in custody unless and until he should furnish bond in the penal sum of Five Hundred ($500.00) Dollars, conditioned for his appearance at the first day of the next term of said District Court for trial upon the offense charged in the criminal complaint hereinabove mentioned. * * * *

"That immediately following the trial of said replevin action in said District Court, the County and Prosecuting Attorney in and for Fremont County, Wyoming, appeared in open Court and thereupon dismissed the criminal complaint and proceeding hereinabove described and mentioned and said criminal proceeding and complaint thereupon became terminated and was and is finally and conclusively determined in favor of plaintiff herein and against the State of Wyoming and the prosecuting witness, defendant herein."

The attitude of the courts and authorities generally toward the action of malicious prosecution has been well stated by Mr. Newell in his text dealing with that subject. The author says in Section 13, at Page 21:

"Actions for malicious prosecutions are regarded by law with jealousy. Lord Holt said more than two hundred years ago that they 'ought not to be favored but managed with great caution'. Their tendency is to discourage prosecution for crime, as they expose the prosecutors to civil suits, and the love of justice may not always be strong enough to induce individuals to commence prosecutions, when, if they fail, they may be subjected to the expense of litigation, if they be not mulcted in damages."

And in Section 14 following, in similar vein the text states:

"Suits by which the complainant in a criminal prosecution is made liable to an action for damages, at the suit of the person complained of, are not to be favored in law, as they have a tendency to deter men who know of breaches of the law from prosecuting offenders, thereby endangering the order and peace of the community."

Additionally, in the course of Section 15, Page 22, the author further remarks concerning the action that,

"it should be carefully guarded and its true principles strictly adhered to, that it may not, on the one hand, impede the free course of public justice, nor, on the other, suffer malicious and causeless prosecutions to escape its grasp. While the court should not discourage actions for malicious prosecutions by establishing harsh rules of evidence, or by the rigid principles of law, by force of which a party may be deprived of an important remedy for a real injury, at the same time, all proper guard and protection should be thrown around those who, in obedience to the mandates of duty, may be compelled to originate and carry on a criminal prosecution which may from any cause terminate in favor of the accused."

Citing many authorities, 18 R. C. L. Page 11, Section 2, emphasizes the same views in this language:

"The action for malicious prosecution is not favored in law, and hence has been hedged about by limitations more stringent than those in the case of almost any other act causing damage to another, and the courts

have allowed recovery only when the requirements limiting it have been fully complied with. The disfavor with which the action is looked upon is especially marked in cases where the suit is being brought for the institution of criminal proceedings against the plaintiff, as public policy favors the exposure of crime, which a recovery against a prosecutor obviously tends to discourage."

In Cloon v. Gerry, 13 Gray (Mass.) 201 at Page 202, Chief Justice Shaw pointed out that:

"This kind of suit, by which the complainant in a criminal prosecution is made liable to an action for damages, at the suit of the person complained of, is not to be favored; it has a tendency to deter men who know of breaches of the law, from prosecuting offenders, thereby endangering the order and peace of the community."

See also 36 C. J. 385-386; 34 American Jurisprudence, Pages 705-706, Section 5.

Under the authorities cited above the action, not being a favored one, should require at the very least a careful examination of the pleadings and proofs appearing in the case. At the very least also these matters, i. e., pleadings and proof, should be consistent with sound logic and elementary principles.

An inspection of the allegations of plaintiff's pleading quoted above discloses that he has set forth the fact that the result of the preliminary examination before the Justice of the Peace Dobler, was unfavorable to the plaintiff in this, the malicious prosecution action, on account of the action of the Justice of the Peace in binding plaintiff over to respond in the District Court to the charge of theft of the calf in question. To avoid the effect of this allegation plaintiff states, as we have seen, that the officer acted "in utter disregard of the testimony of the parties and witnesses and wholly without any adequate, sufficient or competent evidence upon which to base any judgment or finding against the plaintiff."

In *Johnson v. Harrison*, 177 Ind. 240, 97 N. E. 930, a familiar rule of pleading is stated thus:

"And where a plaintiff states in his complaint, together with facts constituting a cause of action, other material and relevant facts which are a defense to the cause of action, and does not allege facts avoiding such defense, his complaint will not withstand a demurrer." (Citing authorities.)

See also 49 C. J. 151 and cases cited in Note 38; 21 R. C. L. 492, Sec. 55. It is likewise an elemental rule governing pleadings, generally speaking, that the failure of the initial pleading to state a cause of action may be raised at any time. 49 C. J. 820, § 1216 and cases cited; Grover Irrigation and Land Co. v. Lovella Ditch etc. Co., 21 Wyo. 204, 234, 235, 131 P. 43.

This court has heretofore in *McIntosh et al. v. Wales*, 21 Wyo. 397, 134 P. 274, pointed out that:

"The essential elements necessary to be shown by the petition and evidence in an action for malicious prosecution are (1) the institution of the proceedings; (2) without probable cause; (3) with malice; (4) that the proceedings have terminated and in plaintiff's favor; (5) damage to plaintiff."

The question then presents itself whether the allegations quoted above are in this case affected by these rules. A careful examination of the authorities we have been able to find would indicate that an affirmative answer be given to this query. The following brief review of the language of well known texts and the decisions of leading appellate courts will supply the grounds for such a conclusion.

In 38 C. J. 464, Section 127, the text considering a situation "where the declaration or complaint alleges facts which are prima facie evidence of grounds for instituting the original proceedings" on which the malicious prosecution action is based, i. e., where the pleading sets out facts disclosing prima facie probable

cause for such proceedings, "in these circumstances it is held that an allegation of facts to rebut the inference of probable cause is necessary."

The same text discussing the effect of a result unfavorable to plaintiff appearing in a malicious prosecution action, where there is a preliminary examination by a magistrate, for the purpose of determining whether the plaintiff aforesaid shall respond to the charge against him in a higher tribunal (38 C. J. 411, Section 45), says that:

"While there is some authority to the contrary, it has been generally held that, where the result of the preliminary examination before a magistrate is unfavorable to accused and he is held or committed by the magistrate, this is prima facie but not conclusive evidence of probable cause. This prima facie case may be overcome by evidence that the action of the magistrate was obtained by false testimony or other improper means; but unless it is overthrown by testimony of that character, it becomes conclusive and must prevent plaintiff from prevailing."

Newell on Malicious Prosecution, 299-300, Section 22, quoting from Spring v. Besore, 12 B. Mon. (Ky.) 551, says:

" 'The correct doctrine on the subject is, in our opinion, that the decree or judgment in favor of the plaintiff, although it be afterwards reversed, is, in cases where the parties have appeared and proof has been heard on both sides, conclusive evidence of probable cause, unless other matters be relied upon to impeach the judgment or decree and show that it was obtained by fraud; and in such cases it is indispensable that such matter should be alleged in the plaintiff's declaration, for unless it be done, as the other facts which have to be stated establish the existence of probable cause, the declaration is suicidal. The plaintiff's declaration will itself always furnish evidence of probable cause when it states, as it must do, the proceedings that have taken place in the suit alleged to be malicious, and shows that a judgment or decree has been rendered against the plaintiff. To counteract the effect of the

judgment or decree and the legal deduction of probable cause, it is incumbent upon him to make it appear in his declaration that such judgment or decree was unfairly obtained, and the results of acts of malice, fraud and oppression on the part of the defendant, designed and having the effect to deprive him of the opportunity and necessary means to have defeated the suit and obtained a judgment in his favor.' This is the rule as laid down by the court of appeals of Kentucky, and which has recently received the approval of the Supreme Court of the United States. It seems to reconcile the apparent contradiction in the authorities, and states the rule which we think to be well grounded in reason, fair and just to both parties, and consistent with the principle on which the action for malicious prosecution is founded."

In Giusti v. Del Papa, 19 R. I. 338, 33 A. 525, it was held that where in a declaration for malicious prosecution there was an allegation that plaintiff had been bound over by a court of competent jurisdiction and indicted, this was an allegation of prima facie probable cause and that this averment could only be negatived by the allegation of some additional facts showing that the binding over and indictment were procured by undue means and that a general allegation that the prosecution was without probable cause was insufficient. And the court, correcting a previous utterance touching the case, said:

"Doubtless we should have used the term 'prima facie' in describing the effect to be given to the action of the court in binding over and of the grand jury in indicting the plaintiff, since, strictly speaking, there is no conclusive effect to be given to a judgment even, which is evidence of a higher nature than a binding over and indictment; but such judgment is only conclusive, or, as Judge Marcy terms it, 'satisfactory evidence', when not rebutted by averment and proof that it was unfairly obtained. But we do not see that our decision itself was on that account erroneous. The question is one of pleading, and the allegation of facts which are prima facie evidence of probable cause necessarily stands as conclusive until something further is

alleged to rebut the presumption arising from that allegation. An allegation that the plaintiff was bound over by a court having jurisdiction for that purpose, and that the plaintiff was indicted by the grand jury, is an allegation of facts which are as sufficient or satisfactory evidence of probable cause, unless some further facts are averred which countervail the effect to be given them, as the judgment of a court from which an appeal would lie. To rebut the presumption of probable cause in either case, as it seems to us, requires the averment of some additional fact or facts showing fraud, perjury, or other undue means."

Holding that in an action for malicious prosecution, based on false entry against the plaintiff of a judgment by confession, on which a writ of attachment was issued, the plaintiff was required to aver facts in rebuttal of the presumption that the confession of judgment was regular, as innocency was to be presumed, it was said by the Superior Court of Delaware, three judges sitting, in Re v. Stern & Co., 40 Del. 408, 11 A. 2d 328, that:

"But, even if it be conceded that, ordinarily, it is sufficient to aver generally want of probable cause without more, the situation disclosed by the declaration may well demand greater particularity. Where facts are alleged which, prima facie, show reasonable grounds for the institution of the proceeding complained of, the inference of probable cause arising therefrom should be rebutted. 13 Ency. Pl. & Pr. 441; 38 C. J. 464. This qualification of the less exacting rule is consonant with reason, fairness and the principles of sound pleading."

In Martha Dunn v. E. E. Gray Co., 254 Mass. 202, 150 N. E. 166, the facts were, as stated by the court:

"This is an action for malicious prosecution. It is alleged in the declaration as amended that the defendant maliciously and without probable cause had the plaintiff arrested on a complaint for larceny made in the Municipal Court of the City of Boston, and 'did falsely, fraudulently, maliciously and by perjury and

subornation of perjury, and without any probable cause, prosecute and aid in prosecuting said complaint against the plaintiff, until the twenty-fourth day of January, 1924, when the plaintiff was found guilty. And the defendant, its servants and agents continued in the prosecution of said case by false, fraudulent perjury and subornation of perjury until the twenty-fifth day of February, 1924, when the plaintiff was found not guilty by a jury in the Superior Court.' "
The legal principles deemed applicable in these circumstances were thus set forth:

"It is the general rule, that conviction by the court to which the complaint was made is a bar to an action for malicious prosecution even though on appeal the jury may render a verdict of not guilty. An exception to that rule is established in instances where the conviction by the trial magistrate was obtained solely by false testimony of the defendant or is 'impeached on the ground of fraud, conspiracy or subornation in its procurement.' That exception must as matter of pleading be set out in the declaration by appropriate allegations of definite facts. It is not enough to allege the general opprobrious epithets employed in the present declaration. It is easy to frame reproachful expletives. A defendant as matter of justice ought not to be required to answer them and the time of the courts ought not to be consumed by inquiry into them. The law requires a definite statement of specific facts constituting a wrong as a basis for judicial proceedings. No sufficient facts are set out in this declaration to show that the conviction before the trial magistrate was caused solely by wrongful conduct of the defendant and thus was within the exception to the general rule. The case at bar on this point is governed by Dennehey v. Woodsum, 100 Mass. 195, 197. The declaration in the case at bar is not nearly so specific nor pointed as the one held insufficient in that adjudication. To the same effect in substance are Cloon v. Gerry, 13 Gray, 201, and Desmond v. Fawcett, 226 Mass. 100, 111, 112. The principle is of wide application and is illustrated by numerous decisions."

See also Wingersky v. E. E. Gray Co., 254 Mass. 198, 150 N. E. 164.

Where it appeared in a malicious prosecution action that the complaint, briefly summarized, alleged that the Pacific Telephone & Telegraph Company and one Jenkins, its employee, commenced and prosecuted the action complained of; that plaintiff was arrested in said action, bound over to the grand jury and confined in jail until discharged upon a "not true" bill returned by the grand jury, and that the prosecution was malicious and without probable cause, the Supreme Court of Oregon in White v. Pacific Telephone & Telegraph Co., 126 Or. 270, 90 P. (2d) 193, after quoting the language excerpted hereinabove from 36 C. J. 411, declared:

"Since it is undisputed that a preliminary examination was held and the plaintiff was bound over to appear before the grand jury by the committing magistrate and there being no evidence that the action taken by the committing magistrate was obtained by false testimony, fraud or other improper means, upon this ground alone, the plaintiff cannot prevail in this action."

A judgment for plaintiff was accordingly reversed.

A petition in a suit for malicious prosecution stated that plaintiff was indicted by a grand jury upon evidence "maliciously, wantonly and without probable or reasonable cause" furnished by defendant and that said indictment was quashed. Holding that this pleading failed to state a cause of action because it disclosed that there was prima facie probable cause, i. e., a grand jury indictment, and stated no fact to overthrow this prima facie case such as that the indictment was obtained by false or fraudulent testimony furnished by defendant, the Supreme Court of Missouri, in Wilkinson v. McGee, 265 Mo. 574, 178 S. W. 471, affirmed a judgment entered after a demurrer had been sustained to the petition. Indicating that,

"Since the petition must state facts and not conclusions of law (Bliss on Code Pleading, 210), and since if a

fact be shown which as a conclusion of law negatives liability, obviously then other facts should be stated to make clear wherein liability accrues,"
the court thereafter said in part:

"But plaintiff is not content with the allegation of lack of probable cause; she goes further and expressly avers a fact which is of itself prima-facie proof that there was probable cause. Does not one allegation in a way cancel the other? If the code, as it does, requires us to state 'facts constituting a cause of action' (Sec. 1794, R. S. 1909), is a cause of action stated by a petition which, if every allegation contained in it were admitted, would not allow a recovery? If plaintiff had gone to the jury and had shown upon her part the fact that she had been indicted by a grand jury, but had not shown any fact explanatory of the manner in which such indictment was procured, she could not recover (Firer v. Lowery, supra (59 Mo. App. 92)), and it would have been the duty of the court nisi to sustain a demurrer to the evidence. Will it be contended that to permit recovery the proof must show facts which the petition does not allege? If plaintiff had admitted the facts (as the demurrer in legal effect does) and all of them set forth in the petition, under the doctrine announced in Firer v. Lowery, supra, as also in principle in other cases cited, the judgment should have been for the defendant. This view was taken by a case precisely in point in Rhode Island (Giusti v. Del Papa, 19 R. I. 338) and by the Vermont courts. We have found no others directly in point, except mayhap the case of Stainer v. Land & Mining Co., 166 Fed. 220, wherein, however, Phillips, J., filed an able and convincing dissent, to which we are constrained to lend our concurrence."

The majority opinion in Stainer v. San Luis Valley Land & Mining Co., 166 Fed. 220, referred to in the last excerpt, so far as it is pertinent to the case at bar, is grounded upon the discussion of a court commissioner in Ross v. Hixon, 46 Kan. 550, 26 P. 955, and the opinion of the commissioner being thereafter adopted by the Supreme Court of Kansas. The Ross v. Hixon case will be hereinafter considered. The Stainer

case, supra, through its majority opinion, held that the fact that a magistrate bound over a person charged with the crime was only prima facie evidence of probable cause and a complaint in an action for malicious prosecution was not required, in order to state a cause of action, to allege that such action was the result of fraud, perjury or other unfair means, in order to negative its effect.

A careful study of the dissenting opinion of Judge Philips leads us to the same conclusion concerning the cogent views of the learned dissenting jurist as expressed by the Supreme Court of Missouri.

Reviewing the Ross v. Hixon case Judge Philips aptly said:

"It does not appear what was the state of the pleadings in that case. The question of the effect of the action of the justice of the peace in binding over the party seems to have arisen only on the trial, and the question discussed by the commissioner was merely as to the evidential effect of that action. The trial court, as here, took the view that it was conclusive rather than merely prima facie; and the strength of the opinion is directed against that proposition of law. After a brief review of the authorities, it was held that the finding of the justice of the peace was not conclusive, but only prima facie evidence, of the existence of probable cause. While asserting that, if the justice had been invested with judicial power to render a final punitive judgment and had done so, it would then have been incumbent on the plaintiff to attack it 'for fraud or undue means' in the prosecution, yet, as the judgment of the justice of the peace was only prima facie, 'all that is necessary for the plaintiff to do to win is to overthrow it by a preponderance of the evidence.'

"I submit that that decision does not touch the question here involved as to the effect of the pleading, and, if it did, the logic and law of it are bad."

Discussing the Stainer case, supra, then before the court of which he was a member, the Judge reasoned thus:

"Had the petition alleged that the defendant maliciously and without probable cause had the plaintiff arrested and prosecuted, of which he was acquitted, it would have stated a good cause of action. If in answer the defendant pleaded, inter alia, that on due hearing before a committing magistrate he had adjudged that there was probable cause for the charge and thereupon bound the accused over to the district court, beyond question he would have interposed new matter in avoidance. So much so that, if it were not denied in the replication, the defendant would be entitled to judgment on the pleadings. Or, if the reply should admit such allegation of new matter and then simply allege that the prosecution was malicious and without probable cause, what sort of logic or reason would it be to say that the new matter effective for avoidance, pleaded in the answer to the allegation of malice and want of probable cause in the petition, is sufficiently met by a reply merely reaffirming malice and want of probable cause? It is recognized bad logic to reason in a circle, and it must be bad pleading in rebuttal in a law action that but reaffirms the original allegation of the petition."

After considering the case of Hayes-Young Tie Plate Company v. St. Louis Transit Company, 137 Fed. 80, his opinion proceeds:

"As, on the face of the petition in question, prima facie the existence of malice and want of probable cause was negatived, it was essential, to constitute a cause of action, that some additional specific fact should have been averred to overcome it, such as that the affidavit of McGeorge, on which the prosecution was instituted, was false and known by him to be false, or that he procured witnesses to testify falsely, or that he had reason to believe they were false, or some equivalent fact whereby the action of the justice of the peace and the prosecuting attorney was influenced. Otherwise, how is the defendant, on trial of the action for damages, to secure the benefit of the judicial action of the committing magistrate and that of the prosecuting attorney? It is manifest from the detailed reiteration of the proceedings in the petition, from the filing of the first affidavit to the last information presented by

the prosecuting attorney, that they are designed in and of themselves to aggravate the damages. Under the simple statement in the Kansas case that it is a mere question of the preponderance of evidence, is it intended to say that when all this evidence and the pleadings are submitted to the jury they are to be told merely that it devolves upon the plaintiff to establish his case by a mere preponderance of the evidence?

"Unless told by the court that, unless they find from the evidence that the action of the justice of the peace and that of the prosecuting attorney was brought about by false affidavits and testimony, and known by McGeorge to be false, or which he had no reason then to believe to be true, or the like, the jury would be authorized to return a verdict for the plaintiff on a mere preponderance of the evidence as to whether or not there was, in the first instance, probable cause for the prosecution. This situation emphasizes the necessity, after the petition has disclosed on its face the action of the justice of the peace and the prosecuting attorney, of alleging some additional specific fact or facts to rebut the prima facie effect of those actions. What is necessary to be proven must be alleged in the pleading."

In Kennedy v. Burbidge, 54 Utah 497, 183 P. 325, 5 A. L. R. 1662, the reverse side of the question involved in the foregoing case appears. There a demurrer had been sustained and plaintiff's action for malicious prosecution dismissed. The facts were that plaintiff was convicted upon the complaint of the defendant in the city court of Salt Lake City of the offense of wilfully and knowingly possessing intoxicating liquor. On appeal from this judgment to the district court of Salt Lake County, on motion of the city attorney, the action was dismissed. It was said in the reviewing court that:

"It follows, therefore, that where the complaint itself in an action for malicious prosecution shows that plaintiff was convicted in the proceeding complained of, notwithstanding a reversal afterwards on appeal, the complaint fails to state a cause of action, unless it goes further and alleges some fact or facts the legal effect of which is to impeach the validity of the judgment and render it worthless as evidence of probable

cause. The fact or facts so alleged should be to the effect that the judgment of conviction relied on as proof of probable cause was procured by fraud, perjury, or other undue or unfair means employed by the defendant."

The New York Court of Appeals in Graham v. Buffalo General Laundries Corporation, 261 N. Y. 165, 184 N. E. 746, also reached a unanimous conclusion in agreement with the views expressed by Judge Philips. Chief Judge Pound concisely stated the question in the Graham case to be:

"The question is whether in an action for malicious prosecution a bare allegation in the complaint of want of probable cause is sufficient when the complaint shows on its face the presence of probable cause, i. e., that on a preliminary hearing before a magistrate on a charge of felony the magistrate held the plaintiff to await the action of the grand jury which failed to indict."

Thereupon he said:

"The holding of the accused by a magistrate after an examination into the facts establishes prima facie probable cause of the prosecution. (Hopkinson v. Lehigh Valley R. R. Co., 249 N. Y. 296, 300.)
"The complaint must state facts sufficient to constitute a cause of action. When all the facts stated, if admitted, would not allow a recovery, the complaint is bad. The holding of the accused by the magistrate shows probability of guilt and thus rebuts and overcomes the general averment of want of probable cause which is usually sufficient as an allegation of fact, but here becomes a mere 'opprobious epithet'. (Dunn v. Gray Co., 254 Mass. 202.)
"This is the almost universal rule." (Citing authorities.)

After referring to the Ross v. Hixon decision, the Stainer case, supra, and the distinction undertaken to be made by those cases between the situation where on a trial both parties have presented their proofs and "the effect of a judgment is to establish probable cause

with finality, unless the plaintiff alleges in his complaint that the judgment was improperly obtained and was the result of acts of malice, fraud and oppression on the part of the deefndant", while the magistrate's ruling is only prima facie proof on the question of probable cause and may be overcome by evidence submitted under the general allegation, the Chief Judge nevertheless said:

"The facts pleaded should, however, make out a prima facie case. The allegations of the complaint that the plaintiff was held after a hearing by the magistrate, unexplained and uncontradicted, establish probable cause for plaintiff's arrest. The pleader should be required by appropriate allegations, to overcome the effect of his admissions of the existence of probable cause. Pleadings must be construed with a view to substantial justice between the parties. (Civ. Pr. Act. § 275.) The defendants should be informed as to the charges they must meet. (Clark on Code Pleading, pp. 168, 169.) They are here informed that they must meet a charge of malicious prosecution when the complaint on its face shows probable cause."

The New York Court of last resort then ordered that the question above set forth be answered in the negative and affirmed an order of the Appellate Division of the Supreme Court, which reversed, on the law, an order of special term denying the motion of defendants for a dismissal of the complaint.

It is urged for the plaintiff and respondent, Penton, that there is "a clear distinction which is made in the authorities between cases in which the committing magistrate has jurisdiction to and does finally, try, determine and convict the defendant and cases in which he sits merely as a committing magistrate", and the rule announced in Ross v. Hixon, supra, is insisted upon as the correct rule to govern the case at bar.

So far as the Ross v. Hixon case is concerned, it is, we think, sufficient to say that in Giusti v. Del Papa,

supra, the Supreme Court of Rhode Island pointedly criticises the position taken in the Hixon case, saying:

"With all due deference, we feel constrained, for the reasons that we have given, to dissent from this conclusion. We do not think that it follows that, because the binding over is only prima facie evidence of probable cause, it is not necessary to attack it in the petition for fraud or undue means; or, in other words, to aver such fraud or undue means to negative its effect. The pleader must state a cause of action, and he fails to do so unless he overthrows the prima facie effect of probable cause arising from the binding over."

In this connection we refer also to the language of Judge Philips in considering that case and quoted above, together with the action of the New York Court of Appeals and the Supreme Court of Missouri, each of which had the Ross v. Hixon decision in mind when their ruling were made. Other cases which would appear to be of like purport as the Ross v. Hixon case are the cases of Louisville, New Albany & Chicago Railway Co. v. Hendricks, 13 Ind. App. 10, 40 N. E. 82, which expressly follows the Ross v. Hixon ruling, and Ewing v. Sanford, 19 Ala. 605.

Relative to there being any "clear distinction" so far as it affects the matter of properly alleging the element of probable cause in a malicious prosecution action, as plaintiff urges and above recited, we are unable to see that that is so.

We find that the editorial note appended to the case of Saunders v. Baldwin, 112 Va. 431, 71 S. E. 620, American & English Annotated Cases 1913B (a case cited by Chief Judge Pound in the Graham case, supra) quoted at length from the case of Carpenter v. Sibley, 153 Cal. 217, 15 Ann. Cas. 484, 94 P. 879, where it was held that a complaint for a malicious prosecution, though disclosing that plaintiff was convicted of a criminal offense and an appeal from this conviction was later reversed, overcame the presumption of prob-

able cause arising from such conviction through allegations to the effect that the defendant conspired to falsely charge plaintiff with crime and had him convicted by procuring false testimony and intimidating the jury. The note aforesaid then states:

"It seems that a holding, such as in the case last cited, that the conclusiveness of the conviction may be impeached by showing that it was procured by false testimony is in effect the same as a holding that the conviction is prima facie evidence of probable cause. This seems to have been the opinion of the court in a recent case, wherein it was said that the conviction is prima facie evidence of probable cause and is a sufficient defense to a suit for malicious prosecution unless overcome by evidence that the conviction was obtained by false testimony, fraud, corrupt practice, or unlawful or unjustifiable means on the part of the one procuring the conviction. McElroy v. Catholic Press Co., 254 Ill. 290, 98 N. E. 527."

The statement of the Illinois Supreme Court in the McElroy case mentioned in the quoted portion of the note aforesaid, is that:

"The conviction was prima facie evidence of the existence of probable cause, and it was not met by any evidence tending to overcome it. It was therefore not error for the court to direct a verdict of not guilty."

The Supreme Court of Iowa, considering this point, declares in Miller v. Runkle, 137 Iowa 155, 114 N. W. 611, that:

"We have held that a conviction is prima facie evidence of probable cause, and if not contradicted will establish probable cause. Olson v. Neal, 63 Iowa, 214, 18 N. W. 863; Moffat v. Fisher, 47 Iowa, 473."

In Stanton v. Mason, 104 N. Y. Supp. 155, the Appellate Division of the Supreme Court remarked that:

"The hearing and trial which resulted in the plaintiff's conviction appears to have been fairly conducted, and there is no claim or pretense that the result was

procured by fraud, conspiracy, subornation, or other undue means. It seems to be well settled in this state that a judgment of conviction so obtained, although subsequently reversed, is prima facie evidence of probable cause in an action for malicious prosecution. Miller v. Deere, 2 Abb. Prac. 1; Palmer v. Avery, 41 Barb. 290; Nicholson v. Sternberg, 61 App. Div. 51, 70 N. Y. Supp. 212; Burt v. Smith, 181 N. Y. 1, 73 N. E. 495."

The case of Kennedy v. Burbidge, supra, cited by the court in the Graham case aforesaid, is authority for the statement:

"The complaint alleges the fact that plaintiff in the city court was convicted of the offense instituted against him by the defendant, and, under the authorities, hereinafter cited, such conviction is at least prima facie evidence of probable cause for the prosecution, notwithstanding the conviction is afterwards reversed. Some of the authorities go so far as to hold that such evidence is absolutely conclusive, but in our opinion the weight of judicial opinion, as well as that of jurists and text-writers, is to the effect that evidence of a conviction is only prima facie, and may be rebutted by competent evidence which impeaches the validity of the judgment."

Viewing in their entirety the authorities examined, as above set forth, we are obliged to conclude that the amended petition in the case at bar quite fails to measure up to the standard set by them and accordingly fails to state a cause of action. As we have seen, that pleading avers that the Justice of the Peace, Dobler, found that "a crime had been committed and that there was probable cause to believe the defendant guilty of the offense", and ordered the plaintiff to be bound over to answer the charge in the district court of Fremont County. This was an allegation of prima facie probable cause for instituting the prosecution. In order to avoid the effect of this statement, the pleading alleges merely that the action of the Justice was taken "in utter disregard of the testimony of the parties and witnesses and wholly without any adequate, sufficient or compe-

tent evidence upon which to base any judgment or finding against the plaintiff". Surveyed in the light of the foregoing authorities, this is not such an allegation as will avoid a prima facie averment of probable cause made as aforesaid.

It must not be overlooked that the case at bar is an asserted malicious prosecution of the plaintiff, Penton, by the appellant and defendant, Mrs. Gertrude C. Boyd Canning, and by no one else. What connection did this woman have with the conduct of the officer in acting as he did? According to plaintiff's pleading, absolutely none. On the contrary, that pleading expressly asserts that the Justice disregarded her testimony, as well as that of Penton, and the testimony of all the witnesses given on the preliminary hearing. That is all. The pleading would even appear to attack the testimony of plaintiff himself by its allegation that the officer acted "without any adequate, sufficient or competent evidence". However, this is but the pleading of a legal conclusion. Is Mrs. Canning to be held responsible for the error of the official when neither plaintiff's pleading nor his proofs aver or establish that she was? We hardly think that can be the law. Otherwise she could have told the Justice of the Peace in her testimony given on the preliminary hearing—and what she said we do not know—that she was in good faith in error concerning the charge made against Penton, and because the Justice wrongfully disregarded her testimony, she should nevertheless be held responsible for his action in finding that there was probable cause to believe the defendant, Penton, guilty of the offense charged. This can hardly be so. There is nothing alleged or proven to impeach the independent action of the Justice of the Peace in the matter with which Mrs. Canning was concerned, according to the allegations of plaintiff's pleading. She employed no fraud or other improper means to influence the officer's conduct.

Without further extending this opinion, we feel obliged to direct that the judgment of the district court of Fremont County should be reversed for proceedings not inconsistent with the views hereinabove expressed.

*Reversed.*

KIMBALL, J., concurs.

BLUME, J., (dissenting).

I concede that the opinion of the majority herein is supported by respectable authorities, which, however, as I think, represent the minority view in this country on the point involved herein. Cases support the holding that when a justice of the peace or other inferior magistrate finds a defendant guilty in a criminal prosecution, and that fact appears on the face of the petition in a case of malicious prosecution, the mere allegation that there was want of probable cause is not sufficient, but that a special allegation is necessary to the effect that the judgment was obtained by fraud, perjury or other undue means. We are not here concerned with the correctness of these decisions. In such case the defendant must be proved guilty beyond a reasonable doubt. The offenses in such cases are generally of minor character, so that public policy may require that such final judgments should not be upset except upon some well recognized ground. Such cases as these are not in point herein. I do not believe that public policy requires that the same rule should obtain in cases where the magistrate has merely the power to bind the defendant over to answer in the district court. In such case there is not a trial, but merely an examination. As stated in Hale v. Boylen, 22 W. Va. 234, 243, "such examinations are frequently carried on in a careless manner, and especially is this true where a party can give and is allowed to give bail as in the case before us; the justice may and is likely in such case to

commit for trial on perhaps too slight evidence". That is, perhaps, not surprising in view of the fact that many of the justices of the peace are not learned in the law, and who, especially when inexperienced, are not unlikely to merely comply with the request of the prosecuting attorney, naturally thinking that he should know what ought to be done. And so, perhaps for this and other reasons, we find it held in Kendrick v. Cypert, 10 Humph. (29 Tenn.) 291, that no presumption at all arises when a defendant is bound over to a higher court to answer a charge made against him. In any event, courts have gone far enough in treating such fact as *evidence* of probable cause. They should not go further. Again, a defendant charged with a crime may find it advisable or necessary, perhaps because of want of time to prepare his defense or because of absence of witnesses, to waive preliminary hearing. There is no authority, so far as I know, that any special pleading is necessary to overcome the presumption arising in such case. The authorities are to the contrary, and it is held that such presumption may be rebutted by competent evidence offered in the trial of the case for malicious prosecution. 38 C. J. 412; Hess v. Baking Co., 31 Or. 503, 49 P. 803; Campbell v. Myers, 221 Mo. App. 858, 287 S. W. 842. Courts have held that waiver of preliminary examination is equivalent to acknowledgment of guilt, so that if no special pleading to overcome the presumption is necessary in such case, surely none is necessary where preliminary examination is not waived, but an examination has been had. And it has been so held. Louisville etc. Ry. Co. v. Hendricks, 13 Ind. App. 10, 40 N. E. 82; Ewing v. Sanford, 19 Ala. 605; Ross v. Hixon, 46 Kan. 550, 26 P. 955; Stainer v. Land & Mining Co., 166 Fed. 220. The same view was formerly held by the lower courts in New York. Beall v. Dadirrian, 62 Misc. Rep. 125, 115 N. Y. S. 196, affirmed in 123 App. Div. 943, 118 N. Y. S. 1094. And

it is also fully supported by Hampton v. Jones, 58 Iowa 317, 12 N. W. 276, and Kendall v. Goodson, 22 Ga. 491, 96 S. E. 343, the presumption in the last two cases arising from the action of the grand jury. The view contrary to that of the majority opinion herein is, then, held in at least eight different jurisdictions—greater numerically than those jurisdictions which sustain that view, on the point involved in this case. In other cases, such as Hale v. Boylen, supra; Bacon v. Towne, et al., 4 Cush. 217, and Ash v. Marlow, 20 Ohio 119, the fact of being bound over to a higher court appeared on the face of the petition in a suit for malicious prosecution. It did not occur to counsel or courts in those cases, though rules of pleading were then rather strict, that a general allegation of want of probable cause was not sufficient. The necessity for refinement of pleading in that connection was not discovered until a later time, mainly after courts had generally got away from technical rules of pleading.

Some of the authorities cited in the opinion of the majority herein go upon the theory that logic requires a special pleading in a case like that at bar, when the petition discloses the action of the magistrate. But logic is not inexorable in the field of law. It is tempered by the facts. Furthermore, what is logic in law is not always easy to determine. And considering the situation as a whole and bearing in mind the rules of pleading, logic does not require such special pleading. Judge Phillips in Stainer v. Land & Mining Co., supra, quoted at length in the opinion of the majority herein, tried to prove his point by asserting that if an answer in a case like that at bar alleges that the plaintiff had been bound over, a special reply would be necessary, or the plaintiff would go out of court on the pleadings. I think he was mistaken. The main ultimate and issuable fact in this case, so far as the question before us is concerned, is as to whether or not there was probable

cause for the institution of the criminal proceedings. And only ultimate facts need to be pleaded. Evidence need not be pleaded. In fact, it is generally held that it is improper to plead it. 49 C. J. 40-43. I have no doubt that if the plaintiff had not pleaded the fact of being bound over, it could have been shown by the defendant under a general denial. 38 C. J. 471. If that is correct it shows that it should be regarded in the light of evidence merely, and hence come under the general rule that to plead evidence is surplusage. 49 C. J. 43. And regarded from that standpoint, if the defendant had pleaded this fact in her answer, then, although it would have taken evidence to rebut the presumption arising therefrom, it would nevertheless, being merely evidence, and hence surplusage, not have been necessary to reply thereto or explain it, assuming, of course, as is true here, that the essential elements of malicious prosecution have been alleged. 38 C. J. 472. In other words, the special plea in an answer in such case would be merely stating the effect of a general denial in another form, and should have no greater effect. Logic does not require that an allegation which is surplusage should have any greater effect. In Hampton v. Jones, supra, the petition disclosed the fact that an indictment had been found against plaintiff, giving rise to the presumption that there was probable cause. It was claimed that this showed that the plaintiff had no cause of action. The court said: "A mere statement of the proposition shows its absurdity. * * * Attaching the indictment to, and making it a part of the petition can have no greater effect than introducing it in evidence. The plaintiff does not admit the allegations of the indictment are true; on the contrary, he avers in substance they are false." Plaintiff's petition herein alleges that no probable cause in fact existed. If receipt of notice is relevant in a case, and the petition in such case should happen to allege that the notice was

duly mailed, an inference or presumption would arise that it was received. But if the petition should also allege that it was in fact never received, the inference, or presumption, would be negatived. The situation is similar in the case at bar. A presumption is shown on the face of the petition that probable cause existed, but it is negatived by the allegation that there was none in fact. That allegation is ordinarily treated as an allegation of an ultimate fact. 38 C. J. 464. I can conceive of no sufficient reason why it should not be so treated in a case such as that at bar, although, on the ground of public policy, a sufficient reason may be said to exist, in case of a solemn judgment of conviction. The presumption is, without reference to a defendant being bound over to the district court, that the prosecution was properly instituted with probable cause. 38 C. J. 481. In such case the general allegation of want of probable cause is sufficient. The fact that plaintiff was bound over in the criminal case to answer in the district court merely strengthened the presumption of probable cause existing in the first place. Hale v. Boylen, 22 W. Va. 234, 243. Why should this presumption, merely because it was strengthened somewhat, cause such a great difference in the requirement of pleading? I see no sufficient reason—no reason in logic or other field of thought, why a general allegation of want of probable cause should be treated as fish in the one case and as fowl in the other. That is particularly true in view of the liberal rules of construction of pleadings, and in view of the fact that courts have for more than half a century been trying to get away from technical rules of pleading. I am not willing to take a backward step in this case. "We should not," it was stated in the late case of Jaffe v. Stone, (Cal.), 114 P. 2d 335, 342, "be led astray by the notion of a 'disfavored' action to defeat the established rights of plaintiff by indirection; for example by inventing new limitations on the

substantive right * * * or by adopting stricter requirements of pleading than are warranted by the general rules of pleading."

And finally, if any such special pleading as herein discussed was necessary, it was sufficient when the plaintiff alleged that the justice disregarded the evidence and had no competent or sufficient evidence before him to bind plaintiff over to the district court. His action could at best but raise a presumption. Why should that be true where he disregarded the evidence in the case and followed the procedure deprecated in Hale v. Boylen, supra?

I have a high regard for the judgment of my associates, but, though regretfully, I feel constrained, for the reasons stated, to dissent herein.