Lawrence D. JONES, Plaintiff,

v.

McKESSON & ROBBINS, INC.,
Defendant.

Civ. No. 3994.

United States District Court
D. North Dakota,
Northeastern Division.

Feb. 1, 1965.

Jerome J. Mack, of Nelson & Mack,
Grand Forks, N. D., for plaintiff.

Harold Hager, of Degnan, Hager, McElroy & Lamb, Grand Forks, N. D., for
defendant.

RONALD N. DAVIES, District Judge.

■■ The Defendant has moved the Court to dismiss this action or, in the alternative, for judgment on the pleadings. The motion to dismiss was purportedly made under Rule 12(b), Fed.R. Civ.P., but since it was made subsequent to the filing of an answer to the amended complaint, the motion must be treated as one for judgment on the pleadings, Rule 12(c), Fed.R.Civ.P., and the entire motion would ordinarily be so treated; but where, as here, matters outside the pleadings are presented, the motion must be considered and disposed of as one for summary judgment, Rule 56, Fed.R. Civ.P.

■■ What is to be determined on motion for summary judgment is whether there is a genuine issue as to any material fact and not how that issue should be determined. In considering such motion the Court must take that view of the evidence most favorable to the opponent of the movant, giving the adversary party benefit of all favorable inferences that may reasonably be drawn; and if, when so viewed, reasonable men might reach different conclusions, the motion must be denied. Empire Electronics Co. v. United States, 2 Cir., 1962, 311 F.2d 175; Ramsouer v. Midland Valley R. Co., 8 Cir., 1943, 135 F.2d 101.

■ In this action for malicious prosecution the issue is whether, on the pleadings, affidavits and supporting documents, there is raised a material issue of fact as to the existence of probable cause for the commencement of criminal proceedings unsuccessfully prosecuted against the Plaintiff in the courts of the State of Wyoming. If the facts are undisputed and only one inference can be drawn from them, the question of the existence of probable cause is for the court; but when the facts relied on to show probable cause are in dispute, their existence is a question of fact for a jury. Clarke v. Montgomery Ward & Company, 4 Cir., 1962, 298 F.2d 346; Alexander v. Alexander, 4 Cir., 1956, 229 F.2d 111. Considering those facts contained in the record which are necessary for disposition of this motion, it appears that Plaintiff owned and operated a drugstore in Kemmerer, Wyoming, and while so engaged became indebted to the Defendant. That Plaintiff might continue receiving credit from Defendant and to discharge a prior indebtedness to Defendant, Plaintiff and Defendant agreed that Plaintiff would issue a check for $900.00 to Defendant every three days until the amount owed by Plaintiff to Defendant was paid. The Defendant was to send the checks to the drawee bank where they were to be held for collection, each check to be processed at such times as funds were available in Plaintiff's bank account. Under this agreement a check was issued dated February 4, 1959.[1] The Defendant presented the check to the drawee bank in the ordinary course of business, unaccompanied by any instructions to hold it for collection. The check was returned to Defendant for lack of sufficient funds in Plaintiff's accounts.

On May 12, 1960, an agent and employee of the Defendant swore out a criminal complaint before a Justice of the Peace in Lincoln County, Wyoming, charging Plaintiff with intent to defraud by issuing a check when he knew there were insufficient funds or credits with the drawee bank for payment of the check upon presentation. A warrant was issued and the Plaintiff was arrested in January of 1961 at Grand Forks, North Dakota. He was allowed to return to Wyoming voluntarily, and on January 13, 1961, appeared in the Justice Court of

---

[1]. Though others were issued, it is this check which resulted in criminal proceedings. The date given is taken from certified copies of the criminal complaint and information filed in the courts of Wyoming. The dates contained in the amended complaint and the Plaintiff's affidavit, and which are admitted in the Defendant's answer, cannot be reconciled with the dates given in the certified copies of the criminal complaint and information. Dates used hereafter will be those which appear most accurately to portray the chain of events as they occured.

Lincoln County. The criminal complaint was read to him, and he pleaded not guilty. Upon his waiver of preliminary hearing, the Justice of the Peace found there was probable cause to believe Plaintiff guilty as charged and remanded him to the appropriate state District Court for trial. Upon posting bond the Plaintiff was allowed to return to North Dakota on condition that he appear in the District Court of Lincoln County, Wyoming, at a later time.

■ On June 8, 1961, the prosecuting attorney in Wyoming filed an information in the State District Court charging Plaintiff with intent to defraud. A hearing was held the following day at which the Plaintiff appeared and entered a plea of not guilty. On the date set for trial the prosecuting attorney moved to dismiss the information for lack of evidence. This motion was granted.[2] As was set out in this Court's order filed October 23, 1964, where Federal jurisdiction is based upon diversity of citizenship, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, requires adherence to the appropriate substantive law of a particular state. This extends to the field of conflict of laws, and the conflict of laws rules to be applied by a Federal Court sitting in North Dakota must conform to those of the North Dakota state courts. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The difficulty here arises out of the fact that North Dakota is not committed to a definite choice of law rules applicable to determination of malicious prosecution actions.

■■ Applying the conflict of laws rule generally used in actions for malicious prosecution, where the gist of the wrong is the initiation of an unjustifiable legal proceeding and the defense is probable cause, the issue of whether there was probable cause must be determined in the light of the substantive law governing the criminal proceedings in the state of their initiation. Weiss v. Hunna 2 Cir., 1963, 312 F.2d 711; Frolich v. Miles Laboratories, Inc., 9 Cir., 1963, 316 F.2d 87; Leggett v. Montgomery Ward & Company, 10 Cir., 1949, 178 F.2d 436; Van Sant v. American Exp. Co., 3 Cir., 158 F.2d 924. In the case now before the Court the substantive law is that of the State of Wyoming where the criminal proceedings were instituted.

■ The Defendant contends that in actions for malicious prosecution, where the defense is probable cause, a showing of Plaintiff's waiver of preliminary hearing in the criminal proceedings is prima facie evidence of probable cause and that it is, therefore, essential to Plaintiff's cause of action that his pleadings contain averments alleging fraud or other improper means of procuring the waiver of preliminary hearing. That is, indeed, the substantive law of Wyoming. Carter v. Davison, Wyo., 359 P.2d 990; Leggett v. Montgomery Ward & Company, 10 Cir., 178 F.2d 436; Penton v. Canning, 57 Wyo. 390, 118 P.2d 1002, 138 A.L.R. 300.

An opportunity was afforded this Plaintiff to amend his pleadings to overcome this prima facie showing of probable cause and to create, if he could, an issue of fact as to whether the waiver of preliminary hearing was procured by fraud or other improper means on the part of the Defendant. The Plaintiff now asserts that " * * * We have established in our complaint, as amended, facts which tend to establish a scheme to use the criminal courts to collect a civil debt." Plaintiff contends that this is "other improper means" under the Wyoming decisions in Carter v. Davison, Wyo., 359 P.2d 990, and Penton v. Canning, 57 Wyo. 390, 118 P.2d 1002, 138 A.L.R. 300.

2. In the action now before this Court, filed with the Clerk July 10, 1963, the Plaintiff alleges, the Defendant admits and Plaintiff's affidavit asserts that this event occurred on *July 16, 1962.* It seems improbable to this Court that the criminal action would have been continued for so long a period, but presumably it was since otherwise the Wyoming Statute of Limitations might be applicable.

This is entirely insufficient. The pleadings must allege that the waiver of preliminary examination resulted from improper means.

The Defendant's motion, treated as one for summary judgment, must be and is hereby granted.

Preparation of the judgment is the responsibility of the Defendant's counsel.